CONTINENTAL INSURANCE COMPANY *v.* B & B
EDUCATOR SALES, INC.

1. PLEADING—RESPONSIVE PLEADING—GENERAL APPEARANCE—JURY
   DEMAND—COURT RULE.

   A general appearance and a demand for a jury trial does not
   constitute a responsive pleading or motion first filed within
   the court rule which provides for a waiver of jurisdictional
   defects unless the issue is raised at the time of the motion
   first filed; neither a jury demand nor a general appearance
   infringe upon the intent of the rule to avoid needless trials
   upon the merits (GCR 1963, 116.2).

2. PLEADING—RESPONSIVE PLEADING—GENERAL APPEARANCE—JURY
   DEMAND—COURT RULE.

   Neither a jury demand nor a general appearance can be con-
   sidered as responsive to a complaint (GCR 1963, 116.2).

3. MOTIONS—PRELIMINARY MOTION—"RESPONSIVE MOTION"—JURIS-
   DICTIONAL DEFENSES.

   A preliminary motion, to be responsive within the court rule pro-
   viding for the waiver of jurisdictional defects unless raised
   in the responsive pleading or motion first filed, must attack
   the opposite party's pleadings (GCR 1963, 116.2).

4. MOTIONS—JURISDICTIONAL DEFENSES—WAIVER—FIRST PRELIMI-
   NARY MOTION—COURT RULE.

   Jurisdictional defenses are waived if not presented in the
   first preliminary motion attacking the pleadings on other
   grounds; other affirmative defenses are waived if asserted later
   than the first responsive pleading (GCR 1963, 116.2).

---

REFERENCES FOR POINTS IN HEADNOTES
[1–9] 5 Am Jur 2d, Appearance § 2 *et seq.*
  41 Am Jur, Pleading § 114 *et seq.*

5. PLEADING—JURISDICTIONAL DEFENSES—WAIVER—RESPONSIVE MOTION.

Jurisdictional defenses were waived where defendant filed a summary judgment motion on the ground that plaintiff failed to state a claim on which relief could be granted and did not raise the jurisdictional defenses until a later motion for accelerated judgment, because the summary judgment motion was the first responsive motion attacking the pleadings (GCR 1963, 116.2).

6. PLEADING — MOTIONS — RESPONSIVE PLEADING — SUMMARY JUDGMENT — AFFIRMATIVE DEFENSES.

A summary judgment motion is not a "responsive pleading" within the court rule providing for the waiver of affirmative defenses unless raised in the first responsive pleading (GCR 1963, 116).

7. PLEADING—MOTIONS—RESPONSIVE MOTIONS—RESPONSIVE PLEADINGS.

Court rule which provides that the defense of lack of jurisdiction over the person or property is waived unless made in the responsive pleading or motion first filed distinguishes between responsive pleadings and responsive motions; thus, under the motion-pleading distinction, the failure to include all defenses in a motion filed before pleading precludes the defendant from asserting the omitted defenses by motion, but does not prohibit the defendant from asserting those omitted defenses in his responsive pleading (GCR 1963, 116).

8. MOTIONS—SUMMARY JUDGMENT—RESPONSIVE PLEADING—AFFIRMATIVE DEFENSES—WAIVER.

A responsive summary judgment motion is not a "responsive pleading" within the court rule governing the waiver of affirmative defenses unless made in the first responsive pleading (GCR 1963, 117).

9. MOTION—SUMMARY JUDGMENT—AFFIRMATIVE DEFENSE—WAIVER —RESPONSIVE PLEADING.

Time-bar defense was not waived even though defendant did not raise the issue until his motion for accelerated judgment, made after defendant had moved for a summary judgment on the ground that plaintiff failed to state a claim on which relief could be granted, because a summary judgment motion is not a responsive pleading (GCR 1963, 116.2).

Appeal from Midland, James R. Rood, J. Submitted Division 3 June 9, 1971, at Grand Rapids. (Docket No. 10237.) Decided June 24, 1971. Leave to appeal denied, 386 Mich 753.

Complaint by Continental Insurance Company, subrogee of Coleman Community Schools, against B & B Educator Sales, Inc., for breach of express warranty. Accelerated judgment for defendant. Plaintiff appeals. Affirmed.

*Sheldon & Sheldon,* for plaintiff.

*Smith & Brooker, P. C.* (by *Webster Cook*), for defendant.

Before: R. B. Burns, P. J., and Fitzgerald and J. H. Gillis, JJ.

R. B. Burns, P. J. On October 14, 1969, six days prior to expiration of the statute of limitations, plaintiff filed a complaint and summons against defendant corporation.[1] On October 16, 1969, copies of the complaint and summons were served upon one of the defendant's employees by a deputy sheriff. The defectiveness of this service of process upon defendant corporation is not disputed.[2]

Plaintiff argues that the statute of limitations was tolled for a 90-day period despite defective service of process. Plaintiff relies on the 90-day freezing provision of MCLA § 600.5856(3) (Stat Ann 1962 Rev § 27A.5856[3]) which applies when "the complaint is filed and a copy of the summons and com-

---

[1] The personal and property injury claim accrued on October 20, 1966; by virtue of MCLA § 600.5805(7) (Stat Ann 1962 Rev § 27A-.5805[7]) it was scheduled to expire on October 20, 1969.

[2] GCR 1963, 105.4, does not recognize service upon a corporation employee as adequate notice to the corporation. Defendant's employee was neither an officer nor an authorized service-receiving agent. See GCR 1963, 105.4(1).

plaint in good faith, are placed in the hands of an officer for immediate service". Plaintiff then adds that since jurisdiction was "otherwise acquired" over defendant within the 90-day grace period the statute of limitations was permanently tolled in accordance with MCLA § 600.5856(2) (Stat Ann 1962 Rev § 27A.5856[2]). Plaintiff contends that jurisdiction was "otherwise acquired" because of defendant's failure to object to defective service of process in its first "responsive pleading". GRC 1963, 116.2 provides for a waiver of jurisdictional defects unless the issue is raised in the "responsive pleading or motion first filed".

We cannot agree with plaintiff's assertion that defense counsel's filing of a general appearance and his demand for a jury trial constituted a "responsive pleading or motion first filed".[3] One purpose of GCR 116's enactment was to eliminate the necessity of filing a special appearance when attacking jurisdiction.

> "No longer will it be necessary for such a motion [lack of jurisdiction] to be heard on special appearance, as the demand may be made in ordinary motion or in the responsive pleading, whichever is first filed." 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 324, Committee Notes.

Neither do we accept plaintiff's view that defendant's demand for a jury trial was a "responsive pleading or motion" pursuant to GCR 116.2. Neither the demand for a jury trial nor the general appearance infringed upon 116's ambition to "avoid needless trials upon the merits"[4] and these actions cannot be considered as "responsive" to plaintiff's

---

[3] The general appearance and jury trial demand were both filed on November 20, 1969.

[4] 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), rule 116, p 337 of Authors' Comments.

complaint. A preliminary motion to be responsive within the meaning of GCR 116 must attack the opposite party's pleadings.[5] Defense counsel's letter to plaintiff's counsel requesting additional time to prepare a defense likewise does not address itself to plaintiff's complaint.

Unlike the other affirmative defenses contained in GRC 116 which are waived only when asserted later than the first "responsive pleading," the jurisdictional defenses are waived if not presented in the first preliminary motion attacking the pleadings on other grounds.[6]

Defendant's motion for a summary judgment on the grounds that plaintiff had "failed to state a claim" upon which relief could be granted (GCR 1963, 117.2[1]) was the first responsive motion attacking plaintiff's pleadings, and since the jurisdictional question was raised subsequent to this motion, it was waived. However, the date on which this motion was filed, which was also the date on which jurisdiction was "otherwise acquired", was beyond the 90-day grace period.[7] The six days that remained on the claim when the statute of limitations was first tolled had also expired since the limitation statute began running again due to termination of the 90-day grace period.[8]

---

[5] *Id.* p 338: "If a preliminary motion attacking the pleading on some other ground has been filed, and the jurisdictional question is not included in that motion, it has been waived and cannot thereafter be asserted in the answer or by any other means."

[6] The Committee Notes make this point quite clear:

"The rule [116] goes a step further than present procedure in that a claim of lack of jurisdiction over person or property must be asserted in the first filed responsive pleading or *motion.*" 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), rule 116, p 324 of Committee Notes. (Emphasis supplied.)

[7] The summary judgment request was filed on April 13, 1970, approximately five months after plaintiff's complaint was filed.

[8] See Committee Comment associated with MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856).

It is plaintiff's assertion that in addition to waiving jurisdictional defects, the defendant waived its time-bar defense by filing the summary judgment motion. The time-bar defense along with the defective process question was raised in a subsequent motion for an accelerated judgment by defendant. Analysis of GCR 116 and the phrase "responsive pleading" persuades this Court that a summary judgment motion is not considered a "responsive pleading".

GCR 1963, 116.2 itself distinguishes "responsive *pleadings*" from "responsive *motions*"; thus a responsive summary judgment motion is not equated with a "responsive pleading". The motion-pleading distinction was also noted by the rule's promulgators:

"Therefore, the failure to include all such defenses in a motion filed before pleading under this rule would preclude the defending party from asserting such omitted defenses by motion but would not prohibit their being asserted in his responsive pleading." 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 324 of Committee Notes.[9]

Commentary on the meaning of "responsive pleading" as used in GCR 1963, 118 also notes the distinction between summary judgments and responsive pleadings. See 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 413 of Authors' Comments. It is also interesting to note that Federal case law is consistent with this view.[10]

---

[9] See, also, 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 337, under Authors' Comments where it is stated: " * * * this defense [jurisdictional] must be raised in the first response to the pleading, whether that response is in the form of a motion or a responsive pleading."

[10] See 37A Words & Phrases, Responsive Pleading (1971 Cum Supp), pp 10, 11.

We need not discuss the question as to whether defendant was required to consolidate his two motions, pursuant to GCR 116.2, since the statute of limitations was also presented in defendant's first responsive pleading (its answer filed on August 7, 1970).

Finally, plaintiff claims that the defendant by participating in a series of activities during this time, waived the jurisdictional defect and is estopped from the jurisdictional defense.

The plaintiff did not raise the estoppel theory in the trial court. A party cannot raise on appeal an issue he failed to raise in the trial court. *Gustin* v. *Ziem* (1939), 289 Mich 219.

Affirmed. Costs to defendant.

All concurred.