WRIGHT v ESTATE OF TREICHEL (ON REHEARING)

1. LIMITATION OF ACTIONS—COMMENCEMENT OF ACTION—COMPLAINT—SERVICE OF PROCESS.

> Once a complaint has been filed within the time limits prescribed by a statute of limitations, service of the summons and complaint may be made within a reasonable time after the period provided in the statute for timely commencing an action.

2. EXECUTORS AND ADMINISTRATORS—LIMITATION OF ACTIONS—SERVICE OF PROCESS—SUCCESSOR ADMINISTRATORS.

> Failure of plaintiffs in a negligence action to serve summons and complaint upon the successor administratrix of the estate of the deceased tortfeasor, appointed after the original administrator died, was an unreasonable delay and therefore operated to bar plaintiffs' suit even though the complaint was filed within two years after letters of administration were first issued where the plaintiffs were aware of the absence of an administrator and the attendant service of process difficulties following the death of the original administrator, and where the successor administratrix was appointed and served eight months before the estate was closed (MCLA 600.5852).

3. EXECUTORS AND ADMINISTRATORS—REOPENING OF ESTATE—TARDY CLAIM.

> Plaintiffs' claim against an estate for damages was barred where the plaintiffs failed to petition the probate court for a reopening of the estate within three months after the entry of the court order closing the estate (MCLA 701.19, 704.56).

Appeal from Wayne, John B. Swainson, J. Submitted Division 1 June 15, 1971, at Detroit. (Docket No. 8910.) Decided June 25, 1973. Leave to appeal applied for.

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions §§ 206, 210–214.

[2] 51 Am Jur 2d, Limitation of Actions §§ 194–196.

Application and limits of rule that death of person liable does not interrupt running of statute of limitations. 174 ALR 1423.

[3] 31 Am Jur 2d, Executors and Administrators §§ 294, 295.

Complaint by Ward Wright and Viola Wright against the Estate of Arthur Treichel for damages for injuries received in an automobile accident. Defendant's motion for accelerated judgment denied. Defendant appealed by leave granted. Reversed and remanded. Accelerated judgment for defendant after an evidentiary hearing by the circuit court. On rehearing, affirmed.

*Moore, Sills, Poling & Wooster, P. C.* (by *William G. Sinn* and *Thomas A. Law)*, for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock* (by *Jeannette A. Paskin* and *Richard F. Brennan)*, for defendant.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

ON REHEARING

T. M. BURNS, P. J. This case, originally reported at 36 Mich App 33 (1971), is before us on rehearing relative to a statute of limitations issue. Pursuant to our order of November 30, 1971, the trial court held an evidentiary hearing on the question and at the conclusion thereof granted defendant's motion for an accelerated judgment on the ground that the statute of limitations barred plaintiffs' claim. MCLA 600.5852; MSA 27A.5852; GCR 1963, 116.1(5)

The facts of the instant case may be briefly summarized as follows: On July 21, 1966, plaintiffs were injured in an automobile accident in which the driver of the other vehicle, Arthur Treichel, was killed. Letters of administration appointing an administrator for the Treichel estate were issued on September 25, 1967. On July 2, 1969, plaintiffs filed a complaint against the estate of Arthur

Treichel[1] seeking damages of $160,000 allegedly arising from the automobile accident. The administrator of the estate died after serving only 3-1/2 months; consequently the summons and complaint were served on the administrator's attorney July 5, 1969.

We held that the attorney-client relationship between the administrator and his attorney had ceased with the death of the administrator and, therefore, plaintiffs did not obtain jurisdiction over the estate by serving the administrator's attorney.

In addition we ruled that inasmuch as the existence of an administrator is essential for obtaining jurisdiction over an estate, the statute requiring the filing of all claims against the estate within two years from the date the letters of administration are issued is tolled during the time an estate is without an administrator. Since the administrator of the Treichel estate served only 3-1/2 months, we concluded that plaintiffs had an additional 20-1/2 months to commence suit after a successor administrator was appointed.

After the death of the original administrator and *unknown to this Court at the time the case was first decided,* the attorney for the original administrator petitioned the probate court for the appointment of a successor administratrix, and a successor administratrix was appointed on December 2, 1969. There is a dispute as to whether the attorney for the original administrator could legally petition for the appointment of a successor administratrix. However, the fact remains that a successor administratrix was appointed, had served, and the estate closed on July 23, 1970.

Plaintiffs, relying on *Buscaino v Rhodes,* 385

---

[1] As noted in our earlier opinion, the administrator or executor rather than the estate is the proper party plaintiff or defendant.

Mich 474 (1971), assert that since their complaint was filed within two years after the letters of administration were first issued, MCLA 600.5852; MSA 27A.5852 does not operate to bar their suit. We disagree.

In *Buscaino* a complaint was filed six days prior to the expiration of the statute of limitations. Service of process was not effectuated until two months later. It was held that the filing of the complaint, not the service of process, was determinative of when an action was timely commenced and since the complaint was timely filed, the statute of limitations did not bar the suit.

However we do not read *Buscaino* as standing for the proposition that the filing of a complaint will indefinitely suspend the operation of a statute of limitations. Rather, we construe *Buscaino* as holding that once a complaint has been filed within the time limits prescribed by a statute of limitations, service of the summons and complaint may be made within a reasonable time after the period provided in the statute for timely commencing an action. To interpret *Buscaino* otherwise, that is, permitting service of process at any future date without limitation, would inescapably create the very problem sought to be eradicated by statutes of limitations, namely, the litigation of stale claims.

In the case at bar, plaintiffs were aware of the absence of an administrator and the attendant service of process difficulties connected therewith in the middle of 1969. Thereafter a successor administratrix was appointed and served eight months before the estate was closed. During this latter period the record reflects that the service of the summons and complaint was never in fact made upon the successor administratrix. In view of

the foregoing it is our opinion that plaintiffs' delay in serving the successor administratrix was unreasonable. Therefore MCLA 600.5852; MSA 27A.5852 operated to bar plaintiffs' suit.

Even assuming *arguendo* that under the rationale of *Buscaino,* plaintiffs were not foreclosed under MCLA 600.5852; MSA 27A.5852 from bringing suit, plaintiffs' claim is nonetheless barred for the failure to petition the probate court for a reopening of the estate within three months after the entry of the court order closing the estate. *In re Curzenski Estate,* 384 Mich 334 (1971); MCLA 701.19(6), MSA 27.3178(19[6]); MCLA 704.56, MSA 27.3178(307).

Therefore pursuant to the authorities and statutes delineated above, plaintiffs' claim against the estate of Arthur Treichel is barred.

Accordingly, the circuit court's entry of an accelerated judgment in favor of the defendant is affirmed.

All concurred.