KRONTZ v ESTOVEZ

1. PROCESS—NONRESIDENT MOTORISTS—SUBSTITUTED SERVICE—FOREIGN RESIDENTS—STATUTES.

The statute pertaining to nonresident motorists, under which service of a summons may be accomplished by either mailing or delivering a copy of the summons to the Secretary of State and by either personally serving or mailing notice thereof to the defendant accompanied by a copy of the summons, is applicable to nonresident defendants living in a foreign country (MCLA 257.403).

2. PROCESS—SERVICE—DELAY—LIMITATION OF ACTIONS—NONRESIDENT MOTORISTS.

Plaintiffs' delay in serving the defendant was unreasonable and thus they obtained no jurisdiction over the defendant where a statutory means was available to obtain jurisdiction over the defendant who was a resident of Argentina, and plaintiffs waited 16 months after the running of the statute of limitations before serving the defendant with a summons or a notice of service of summons on the Secretary of State (MCLA 257.403).

3. LIMITATION OF ACTIONS—TOLLING—NONRESIDENT MOTORISTS.

A statute providing in part that any and all periods of absence of a defendant in excess of two months shall not be counted as any part of the time limited for the commencement of an action does not toll the three-year statute of limitations for automobile collisions where the statute pertaining to nonresident motorists was available to the plaintiffs to vest a Michigan court with jurisdiction over the defendant (MCLA 257.403[a], 600.5805[7], 600.5853).

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 March 8, 1973, at Grand

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 62 Am Jur 2d, Process §§ 27–182.
[3] 51 Am Jur 2d, Limitation of Actions §§ 138–199.

Rapids. (Docket No. 14503.) Decided August 28, 1973. Leave to appeal granted, 391 Mich —.

Complaint by Delilah Krontz and James Krontz against Jose V. Estovez for damages for injuries sustained in an automobile collision. Accelerated judgment for defendant. Plaintiffs appeal. Affirmed.

*Sloan & McCarthy* and *Mustard, Clagett & Everett,* for plaintiffs.

*Stapleton-Adams, P. C.* (by *Robert L. Hencken),* for defendant.

Before: R. B. BURNS, P. J., and T. M. BURNS and PETERSON,* JJ.

T. M. BURNS, J. The facts of this case are not in dispute. On July 16, 1967, the plaintiffs were involved in an automobile collision with the defendant. As a result of the accident, plaintiffs filed a complaint against the defendant on April 24, 1970, two months before the statute of limitations expired. A copy of the summons and complaint was given to the sheriff for service on May 3, 1970. However, on May 5, 1970, the sheriff's office returned the complaint and summons unserved with the explanation that the defendant had left Michigan in 1967 or 1968 and had taken up residence at Aguero #11, Buenos Aires, Argentina. In the meantime, on August 27, 1971, the Michigan Supreme Court decided the case of *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971), which held that the filing of a complaint and not the service of process tolled statutes of limitations. Subsequently, on November 12, 1971, plaintiffs

* Circuit judge, sitting on the Court of Appeals by assignment.

mailed a copy of the summons and complaint to the defendant at Lavelle 1430 in Buenos Aires and to the Michigan Secretary of State. A few days later both the defendant and the Secretary of State acknowledged receipt of the documents. Before trial, defendant moved for an accelerated judgment and for an order quashing the service of process and dismissing plaintiffs' complaint. The circuit court granted the defendant's motion on the grounds that "to wait 18 months to serve process, nearly 16 months after the running of the statute of limitations, by a method available to the plaintiffs throughout such periods of time invalidates the service under the non-resident statute obtained in this case". Plaintiffs appeal.

At the time plaintiffs filed their complaint in 1970, MCLA 600.5856; MSA 27A.5856 provided that statutes of limitations were tolled when: (1) a complaint was filed and a copy of the summons and complaint were served on the defendant; (2) jurisdiction was otherwise obtained over the defendant; or (3) tolled for a maximum of 90 days past the expiration date where the complaint and summons were in good faith put into the hands of an officer for immediate service before the statute expired.

In the case at bar, plaintiffs had three years from the date of the accident in which to bring their action for the personal injuries allegedly incurred. MCLA 600.5805(7); MSA 27A.5805(7). However, during this period of time plaintiffs did not serve a copy of the summons and complaint upon the defendant, obtain jurisdiction over the defendant in any other manner, as for example through the long-arm statute pertaining to nonresident motorists, MCLA 257.403; MSA 9.2103, or accomplish service of process during the additional

90-day period. Therefore it is readily apparent that pursuant to the statute in effect at the time the complaint was filed, plaintiffs would be foreclosed from bringing suit for the failure to timely serve the defendant with notice of the suit via a copy of the summons and complaint.

As previously recounted, *Buscaino v Rhodes, supra,* held that MCLA 600.5856; MSA 27A.5856, discussed in the two preceding paragraphs, was superceded by GCR 1963, 102, and that the filing of a complaint with the court and not the service of process tolled statutes of limitations. Applying *Buscaino* retroactively plaintiffs argue that their suit was timely commenced in that the complaint was filed two months before the three-year statute of limitations expired thus permitting service of process on the defendant at any time, in this case 16 months after the statute of limitations expired.

Assuming but not deciding that *Buscaino* may be retroactively applied to suits where the complaint was filed before its decisional date in August of 1971, we are nonetheless convinced plaintiffs are foreclosed from pursuing their claim against the defendant. In *Wright v Estate of Treichel,* 47 Mich App 626, 629; 209 NW2d 806, 808 (1973), where a similar issue concerning the effect of *Buscaino* was presented, we stated:

"[W]e do not read *Buscaino* as standing for the proposition that the filing of a complaint will indefinitely suspend the operation of a statute of limitations. Rather, we construe *Buscaino* as holding that once a complaint has been filed within the time limits prescribed by a statute of limitations, service of the summons and complaint may be made within a reasonable time after the period provided in the statute for timely commencing an action. To interpret *Buscaino* otherwise, that is, permitting service of process at any future date without limitation, would inescapably create the very

problem sought to be eradicated by statutes of limitations, namely, the litigation of stale claims."

The foregoing interpretation of *Buscaino* is buttressed by the fact that the Michigan Supreme Court, apparently recognizing that a literal reading of the case would allow a plaintiff to file a complaint within the applicable statute of limitations and then wait *ad infinitum* before serving process, added several provisions to GCR 1963, 102, effective July 1, 1972, which state that no summons is valid for longer than 180 days and that actions are to be dismissed without prejudice where a defendant was not served or did not file any pleading within 180 days from the date the complaint was filed. Thus in suits arising after July 1, 1972, the question posed by the instant case relating to the timeliness of service of process has been resolved. We note in passing that although the 180-day provisions of the court rule were not in effect at the time plaintiffs commenced their action, service of process was not effectuated on the defendant within 180 days after the complaint was filed.

Applying *Buscaino* to the case at bar our question narrows to whether the plaintiffs effectuated service of process on the defendant within a reasonable time.

Plaintiffs did not serve the defendant until 16 months after the statute of limitations expired. During this time a means was available to obtain jurisdiction over the defendant. MCLA 257.403(a); MSA 9.2103(a) provided in relevant part:

"Service of summons in any action against a person, who at the time of such service is a nonresident of this state, growing out of any accident or collision in which such person may have been involved while operating a motor vehicle upon a public highway of this state * * *

may be made upon the secretary of state * * * with the same legal force as is served upon him personally within this state."

Service of the summons may be accomplished by either mailing or delivering a copy of the summons to the Michigan Secretary of State and by either personally serving or mailing notice thereof to the defendant accompanied by a copy of the summons. This statute is applicable to nonresident defendants living in a foreign country. *Holland v Ittner,* 16 Mich App 547; 168 NW2d 476 (1969).

Moreover plaintiffs have not shown that they were materially hindered in effecting service of process on the defendant. During the 16 months in question plaintiffs knew that the defendant resided in Argentina and were informed of an address where he could be reached. Although the defendant changed his address while residing in Argentina, there is no indication that mail addressed to the defendant would not have been forwarded by the Argentine postal authorities or that plaintiffs were unable to locate the defendant through reasonable diligence.

Therefore in view of the fact a means was available to obtain jurisdiction over the defendant and since plaintiffs have not presented a sufficient reason to justify the 16-month delay in utilizing this means, it is our opinion that under the rationale of *Buscaino v Rhodes, supra,* plaintiffs' delay in serving the defendant was unreasonable and thus they obtained no jurisdiction over the defendant.

As discussed throughout this opinion whether we apply the statute in effect at the time plaintiffs filed the complaint (MCLA 600.5856; MSA 27A.5856), the *Buscaino* case, or the subsequent additions to GCR 1963, 102, plaintiffs have failed

to give proper and timely notice of the suit to the defendant and thus have likewise failed to obtain jurisdiction over the defendant. Therefore the circuit court did not err by dismissing the plaintiffs' suit.

Plaintiffs also argue that pursuant to MCLA 600.5853; MSA 27A.5853 the three-year statute of limitations was tolled in any event since the defendant was absent from the state for more than two months. Plaintiffs' position is untenable. While it is true that the statute provides that "any and all periods of absence in excess of 2 months at any time shall not be counted as any part of the time limited for the commencement of the action" the statute is limited and does not come into operation where "while he [defendant] was outside of this state a means for service of process sufficient to vest the jurisdiction of a Michigan court over him was available to the plaintiff". Here, as discussed earlier, MCLA 257.403(a); MSA 9.2103(a) relating to serving a nonresident motorist was available to the plaintiffs to vest a Michigan court with jurisdiction over the defendant. Therefore MCLA 600.5853; MSA 27A.5853 relied on by the plaintiffs will not operate to toll the three-year statute of limitations. *Hammel v Bettison,* 362 Mich 396; 107 NW2d 887 (1961).

We are not unmindful that it is preferable to adjudicate a case upon its merits rather than by summary procedures. However, under the circumstances of this case, we are persuaded that the circuit court did not err by granting defendant's motion for an accelerated judgment and dismissing plaintiffs' complaint.

Affirmed.

All concurred.