MAXMAN v GOLDSMITH

1. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATES—TIME-
   LINESS OF CLAIM.
   A claim against an estate is statutorily barred where the claim
   was made more than three months after the estate has been
   closed (MCLA 701.19, 708.18).

2. COURTS—PERSONAL JURISDICTION—DEFENSES—WAIVER—COURT
   RULES.
   A defense of lack of personal jurisdiction must be made in the
   responsive pleading or motion first filed, or it is waived (GCR
   1963, 116.2).

3. COURTS—PERSONAL JURISDICTION—DEFENSES—WAIVER—APPEAR-
   ANCE.
   A defendant did not waive the defense of lack of personal juris-
   diction by filing a general appearance because an appearance is
   neither a motion nor a responsive pleading (GCR 1963, 116.2).

4. COURTS—PERSONAL JURISDICTION—DEFENSES—APPEARANCE—MO-
   TIONS.
   A defense of lack of personal jurisdiction was timely raised by a
   motion filed after a general appearance had been entered.

Appeal from Wayne, Thomas J. Brennan, J.
Submitted Division 1 May 16, 1974, at Detroit.
(Docket No. 17839.) Decided September 25, 1974.
Leave to appeal applied for.

Complaint by Ida Maxman and Sydney Maxman
against Ralph Goldsmith, special administrator of
the estate of James Lihov, deceased, for negli-

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur 2d, Executors and Administrators §§ 292, 293.
   Exclusiveness of grounds enumerated in statute providing, under
   specified circumstances, extension of time for filing claims against
   decedent's estate. 57 ALR2d 1304.
[2–4] 20 Am Jur 2d, Courts § 95.

gence. Order entered quashing service of process and striking complaint. Plaintiffs appeal. Affirmed.

*Milan & Miller, P. C. (Hayim I. Gross,* of counsel on appeal), for plaintiffs.

*Harvey, Kruse & Westen, P. C. (by James N. Martin),* for defendant.

Before: V. J. BRENNAN, P. J., and R. B. BURNS and R. L. SMITH,* JJ.

R. B. BURNS, J. On February 10, 1969, plaintiff Ida Maxman was injured in an automobile accident allegedly caused by the deceased defendant James Lihov. Six days later, on February 16, 1969, James Lihov died.

On April 15, 1969, an administratrix was appointed for the Lihov estate. She conducted the affairs of the estate for the next ten months. On October 21, 1969, she filed a petition for allowance of her final account, for her fees, for a determination of heirs, and for an assignment of the residue. Finally, on February 9, 1970, the administratrix was discharged and the estate closed.

Plaintiffs were unsuccessful in negotiating a settlement with Lihov's insurance company and filed suit on January 28, 1972. Plaintiffs gave the summons and complaint to the sheriff for service and mailed copies to the insurance company.

The insurance company had an attorney file a general appearance for the defendant.

In the meantime plaintiffs discovered that Lihov had died and petitioned the probate court for a special administrator for his estate. Ralph Goldsmith was appointed special administrator of the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

estate. Plaintiffs then filed an amended complaint that reflected the substitution of the special administrator as the defendant.

Evidently the insurance company had not been aware that Lihov had died when they entered a general appearance for him because its next move was to file motions to quash service of process and strike both complaints, claiming an absence of personal jurisdiction.

The motions were granted. Plaintiffs appeal and we affirm.

The case is controlled by MCLA 701.19; MSA 27.3178(19) and MCLA 708.18; MSA 27.3178(428). They have the effect of barring claims, such as plaintiffs', made against an estate more than three months after it has been closed. *Young v Moore,* 127 F Supp 265 (ED Mich, 1954), *Melvin v Reading,* 346 Mich 348; 78 NW2d 181 (1956), *In re Curzenski Estate,* 384 Mich 334; 183 NW2d 220 (1971), and *Wright v Estate of Treichel,* 47 Mich App 626; 209 NW2d 806 (1973).

Plaintiffs claim that defendant by filing a general appearance waived any defense of lack of personal jurisdiction. GCR 1963, 116.2 requires that a defense of lack of jurisdiction over the person be made in the responsive pleading or motion first filed, or it will be waived.

An appearance is neither a motion nor a responsive pleading; the question was timely raised by the defendant. *Continental Ins v B & B Sales,* 34 Mich App 499; 192 NW2d 126 (1971), and *Manufacturers Construction Co v Covenant Investment Co,* 43 Mich App 123; 204 NW2d 54 (1972).

Affirmed. Costs to defendant.

All concurred.