DILLON v TAMMINGA #1

1. LIMITATION OF ACTIONS—HIGHWAYS—NEGLIGENCE—CONSTITU-
   TIONAL LAW—EQUAL PROTECTION—STATUTES.

   A statutory provision which limits to two years instead of the
   general three years the time within which an action may be
   brought against a governmental agency for failing to maintain
   a highway applies to each and every person who may have
   been injured by a defect in a public highway, and, therefore,
   does not discriminate against any group or classification of
   people, and no denial of equal protection of the laws results
   (MCLA 691.1411).

2. LIMITATION OF ACTIONS—LEGISLATURES—REASONABLE RESTRICTIONS
   —ARBITRARINESS.

   The Legislature may place reasonable restrictions on rights
   which it creates and statutes of limitation which are intended
   to prevent stale claims and to put an end to fear of litigation
   are reasonable restrictions where it cannot be shown that they
   have operated arbitrarily or capriciously in barring a cause of
   action.

Appeal from Kalamazoo, Raymond W. Fox, J.
Submitted June 5, 1975, at Grand Rapids. (Docket
No. 22257.) Decided September 11, 1975. Leave to
appeal denied, 395 Mich 814.

Complaint by Darlene K. Dillon against Ray-
mond L. Tamminga, Gary W. Brinkert, Jr., Phillip
C. Woltersom, Harold L. West, Edward Hancox,
Richard Amsbury, David Sisak, Lambert Slager,
Robert Carroll, and the City of Kalamazoo, jointly
and severally, for damages for personal injuries

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Highways, Streets, and Bridges §§ 331, 581, 605.
   56 Am Jur 2d, Municipal Corporations, Counties, and Other Politi-
   cal Subdivisions § 680 et seq.
[2] 51 Am Jur 2d, Limitation of Actions §§ 9 et seq., 32.

arising out of an automobile accident. Accelerated judgment for the City of Kalamazoo. Plaintiff appeals. Affirmed.

*Randolph McCarthy, Jr.,* for plaintiff.

*James, Dark & Craig,* for defendant Woltersom.

*James F. Bishop,* City Attorney, and *Richard A. Milligan,* Assistant City Attorney, for defendant City of Kalamazoo.

Before: McGREGOR, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

PER CURIAM. This appeal arises out of an automobile accident occurring on September 4, 1971. Plaintiff filed a complaint in Kalamazoo County Circuit Court against numerous defendants including the defendant City of Kalamazoo on August 27, 1974, for injuries sustained as a result of the accident. Prior to trial, defendant city made a motion for accelerated judgment, GCR 1963, 116.1(5), on the theory that the applicable two-year statute of limitations, MCLA 691.1411(2); MSA 3.996(111)(2) had run. The trial court granted the motion, and plaintiff now appeals that decision.

The statute under which accelerated judgment was granted, MCLA 691.1411; MSA 3.996(111), provides:

"(1) Every claim against any governmental agency shall be subject to the general law respecting limitations of actions except as otherwise provided in this section.

"(2) *The period of limitations for claims arising under section 2 of this act shall be 2 years.*

"(3) The period of limitations for all claims against the state, *except those arising under section 2 of this*

*act,* shall be governed by chapter 64 of Act No. 236 of the Public Acts of 1961. P.A. 1964, No. 170, § 11, Eff. July 1, 1965." (Emphasis supplied.)

It is undisputed that this case arose under § 2 of the governmental liability act, MCLA 691.1402; MSA 3.996(102), that section which allows recovery against a governmental unit for injuries resulting from a negligently maintained highway.

On appeal, plaintiff asserts that the fact that the statute of limitations applicable to suits brought against governmental units under § 2 is shorter than the limitation period for all other claims against governmental units under § 3 constitutes a denial of equal protection and of due process. We find dispositive of plaintiff's equal protection claim the holding of this Court in *Busha v State Highway Dept,* 51 Mich App 397; 215 NW2d 567 (1974), *lv granted* 391 Mich 816 (1974), appeal dismissed by stipulation October 15, 1974. In *Busha,* we specifically rejected the same contention. Because plaintiff has presented no argument to dissuade us from our holding in *Busha,* we reject her claim for the reasons detailed therein.

Relying principally on the case of *Grubaugh v City of St. Johns,* 384 Mich 165; 180 NW2d 778 (1970), plaintiff next contends that the two-year statute of limitations denied her due process of law. We disagree. *Grubaugh, supra,* is distinguishable from the instant case for two reasons. First, the *Grubaugh* decision dealt with a notice provision, not with a statute of limitations. The two types of provisions have differing objectives. Notice provisions are designed, *inter alia,* to provide time to investigate and to appropriate funds for settlement purposes. *Carver v McKernan,* 390 Mich 96; 211 NW2d 24 (1973). Statutes of limitation are intended to prevent stale claims and to put an end

to fear of litigation. Second, *Grubaugh* was decided strictly on its facts. The Court there found a denial of due process to have occurred when a 60-day notice provision under the general highway statute barred a claim by a plaintiff who, because of his injuries, was incapacitated from giving notice within the required time limit. This was held to be an arbitrary and capricious application of the notice provision.

Plaintiff here has presented us with no cogent showing that the statute of limitations has operated arbitrarily or capriciously in barring her cause of action. It has long been the law that, in creating a right, the Legislature may place reasonable restrictions on the exercise of that right. *Bement v Grand Rapids & Indiana R Co,* 194 Mich 64; 160 NW 424 (1916). In giving plaintiff the right to sue the state, *Minty v Board of State Auditors,* 336 Mich 370; 58 NW2d 106 (1953), the Legislature placed a time limit on plaintiff's exercise of that right. We cannot see how this time limit is arbitrary or capricious.

Affirmed. Costs to defendant.