MICHIGAN CAROUSEL, INC. v CECIL

1. MECHANICS' LIENS—STATUTES—INTERPRETATION OF STATUTE—
   WAIVER.

   The provisions of the mechanics' lien statute must be strictly
   construed until such time as the lien attaches; no waiver of the
   requirements of this part of the statute is allowed (MCLA
   570.2; MSA 26.282).

2. MECHANICS' LIENS—STATUTES—WRITTEN CONTRACTS—ORAL AGREE-
   MENTS—MODIFICATIONS OF WRITINGS.

   A statute requires that improvements giving rise to a mechanics'
   lien on property held by tenants by the entireties be made
   pursuant to a written contract signed by both the husband and
   wife; liens for improvements made pursuant to an oral agree-
   ment are not enforceable under the statute even where it is
   claimed that the oral agreement was a modification of a previ-
   ous written contract (MCLA 570.2; MSA 26.282).

3. CONSTITUTIONAL LAW—STATUTES—MECHANICS' LIENS—EQUAL PRO-
   TECTION—PRESERVING QUESTION.

   A contention that the mechanics' lien statute denies equal protec-
   tion of the laws which was not raised at the trial level will not
   be heard on appeal (MCLA 570.2; MSA 26.282).

Appeal from Charlevoix, Edward H. Fenlon, J.
Submitted December 2, 1975, at Lansing. (Docket
No. 22128.) Decided December 10, 1975.

Complaint by Michigan Carousel, Inc., against
Robert L. Cecil and Jean H. Cecil, his wife, jointly
and severally, State Bank and Trust Company of
Petoskey, and Boyne Falls Log Homes for foreclo-

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur 2d, Mechanics' Liens §§ 17–25.
[2] 53 Am Jur 2d, Mechanics' Liens § 153.
[3] 5 Am Jur 2d, Appeal and Error § 545.

sure of a mechanics' lien. Judgment for defendants. Plaintiff appeals. Affirmed.

*Kathryn A. Schindelar,* for plaintiff.

*Dean D. Burns,* for defendants Robert L. Cecil and Jean H. Cecil.

*Stewart D. Fenner, Jr.,* for defendant State Bank & Trust Company.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and D. F. WALSH, JJ.

D. F. WALSH, J. This is a civil action for foreclosure of a mechanics' lien. Summary judgment was granted in favor of defendants and plaintiff appeals.

Plaintiff and defendants Robert and Jean Cecil entered into a written contract whereby plaintiff agreed to construct the shell of a dwelling house on land owned by defendants as tenants by the entireties. It appears that all parties faithfully executed the terms of this written contract.

Subsequently, plaintiff and defendants orally agreed that plaintiff would also finish off the interior of the structure. As work progressed defendants made payments to plaintiff but at the time construction was completed, defendants allegedly owed plaintiff over $12,000.

The plaintiff brought this action for foreclosure of a mechanics' lien. The trial judge granted summary judgment on the grounds that the improvements were not made pursuant to a written contract as required by MCLA 570.2; MSA 26.282, which provides as follows:

"Sec. 2. In case the title to such lands upon which

improvements are made is held by husband and wife jointly, or in case the lands upon which such improvements are made are held and occupied as a homestead, the lien given by this act shall attach to such lands and improvements if the improvements be made in pursuance of a contract in writing signed by both the husband and wife."

The provisions of the mechanics' lien statute must be strictly construed until such time as the lien attaches. *Burman v Ewald,* 192 Mich 293, 295; 158 NW 853 (1916). No waiver of the requirements of this part of the mechanics' lien statute is allowed. *Wallich Lumber Co v Golds,* 375 Mich 323, 326; 134 NW2d 722 (1965).

Plaintiff contends, however, that the oral agreement in this case was not a new contract but merely a modification of the original written contract, and therefore, since the original contract complied with the statute, the lien should attach.

We disagree. The issue is not whether the original contract could have been modified by a subsequent parol agreement, but rather whether a mechanics' lien could attach on the basis of the subsequent parol agreement. We hold that it could not.

Clearly the statute requires that the *improvements* giving rise to the lien be made *pursuant* to a *written contract* signed by both husband and wife. The improvements forming the basis for this action were made pursuant to an oral agreement. Whether that oral agreement was a new contract or a modification of a previous contract is of no consequence. The fact remains that the improvements for which the plaintiff seeks payment here were made pursuant to agreements entered into

orally and never reduced to writing in an instrument signed by both husband and wife. The trial judge properly ruled, therefore, that a mechanics' lien could not attach.

Certainly if we were to hold otherwise, the intent of the above-cited statutory provision would be frustrated. Its function is to protect the spouse. There would be no protection if the required written contract could be modified by oral agreement and the lien attached for improvements made pursuant to the oral modifications.

In accord with our holding here is the holding of our Supreme Court in *Wallich Lumber Co v Golds, supra.* In that case improvements were made to property held by the entireties pursuant to a written contract. Certain materials, however, were delivered to the homesite prior to the date on which the written contract was signed by both husband and wife. The court ruled that the lien attached only for those materials delivered after the execution of the contract.

So in this case, even if the oral agreements and the written agreements were considered to be one contract as plaintiff contends, the lien could attach only with respect to improvements made pursuant to the written portion of the contract.

Plaintiff's contention that the statute in question constitutes a denial of equal protection of the laws was not presented to the trial court and this court will not consider this issue on appeal. *Falk v Macomb County Civil Service Commission,* 57 Mich App 134, 137; 225 NW2d 713 (1974), *Brookdale Cemetery Ass'n v Lewis,* 342 Mich 14, 18; 69 NW2d 176 (1955), *Wanstead v Fisher,* 278 Mich 68, 76; 270 NW 218 (1936).

Affirmed.