WILLIAMS v GROSSMAN

1. LIMITATION OF ACTIONS—HIGHWAYS—NEGLIGENCE—GOVERNMEN-
     TAL AGENCIES.
     A two-year statute of limitations applies to claims against govern-
     mental agencies for failure to keep any highway in reasonable
     repair and in condition reasonably safe and fit for travel
     (MCLA 691.1402, 691.1411; MSA 3.996[102], 3.996[111]).

2. CONSTITUTIONAL LAW—EQUAL PROTECTION—PRESERVING QUESTION.
     An equal protection issue which was not raised at trial is not
     properly raised on appeal.

3. ESTATES—DECEDENTS' ESTATES—PROCEDURE—NOTICE—INTERESTED
     PARTIES.
     Interested parties are entitled to actual notice of a claims hearing
     in a decedent's estate but parties not in interest are subject to
     notice by publication (MCLA 701.32; MSA 27.3178[32]).

4. STATUTES—COURT RULES—CONFLICTS.
     A court rule will prevail where any conflict arises regarding a
     similar statutory provision.

Appeal from Wayne, George T. Martin, J. Sub-
mitted June 16, 1976, at Detroit. (Docket Nos.
25708, 25709.) Decided August 5, 1976. Leave to
appeal applied for.

Complaint by Everleanna Williams against Ste-
ven A. Grossman, Administrator of the estate of
Eddie L. Garnett, the City of Detroit, and Penn
Central Railroad seeking damages arising from an

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur 2d, Highways, Streets, and Bridges § 331.
   40 Am Jur 2d, Highways, Streets, and Bridges § 605.
[2] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[3] 31 Am Jur 2d, Executors and Administrators § 297.
[4] 73 Am Jur 2d, Statutes § 255.

automobile collision. Judgment for defendants. Plaintiff appeals by leave granted. Affirmed.

*Harry D. Hirsch (E. R. Whinham,* of counsel), for plaintiff.

*Hyman & Rice* (by *Benjamin Hanson),* for defendant Steven A. Grossman.

Before: V. J. Brennan, P. J., and N. J. Kaufman and R. H. Campbell,* JJ.

Per Curiam. Plaintiff appeals from motions by defendants City of Detroit and Steven A. Grossman for accelerated judgment granted under GCR 1963, 116.1(5) in Wayne County Circuit Court, George T. Martin presiding. Defendants Grossman and City of Detroit made these motions based on statute of limitations considerations. The motion on behalf of defendant Grossman was based upon provisions of the probate code which preclude bringing claims beyond three months from the date an estate is closed. MCLA 701.19; MSA 27.3178(19), MCLA 704.56; MSA 27.3178(307). Defendant City of Detroit's motion was based upon statutory provisions limiting to two years the period in which to bring an action against the city for negligence in construction and maintenance of public highways. MCLA 691.1411; MSA 3.996(111). Plaintiff appeals from these rulings.

The facts in this case are not complicated. Plaintiff was a passenger in an automobile owned and operated by Eddie Lee Garnett on March 19, 1972. The automobile struck an abutment on Twelfth Street near the Edsel Ford Expressway in the City of Detroit. Eddie Lee Garnett was killed and plaintiff was injured.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On June 22, 1972, defendant Grossman was appointed administrator of decedent Garnett's estate. Notice of hearing on claims was provided by publication. The hearing on claims was held on September 13, 1972. On March 6, 1973, an order was entered discharging the administrator of the estate, cancelling the bond, and closing the estate.

Plaintiff initiated a suit for damages on March 14, 1975, claiming that decedent Garnett was negligent in the operation of the automobile and the Penn Central Railroad and the City of Detroit were negligent in the erection and maintenance of the abutment. Defendant Grossman was made a party as administrator of decedent's estate, and Will Garnett, Jr. was made a party as the sole beneficiary of decedent's estate.

From the adverse ruling on defendants' motions below, plaintiff alleges two basic assignments of error. First, she claims that the two-year statute of limitations in MCLA 691.1411; MSA 3.996(111) violates the title-body clause of the Michigan Constitution and denies equal protection of the law.

This argument is based on the assumption that MCLA 691.1411; MSA 3.996(111) amends MCLA 600.5805; MSA 27A.5805. We do not agree. MCLA 691.1411; MSA 3.996(111) reads:

"(1) Every claim against any governmental agency shall be subject to the general law respecting limitations of actions except as otherwise provided in this section.

"(2) The period of limitations for claims arising under section 2 of this act[1] shall be 2 years."

---

[1] MCLA 691.1402; MSA 3.996(102), reads in part:

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in

MCLA 600.5805; MSA 27A.5805 provides:

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

\* \* \*

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."

MCLA 600.5805; MSA 27A.5805 became effective on January 1, 1963. MCLA 691.1411; MSA 3.996(111) became effective on July 1, 1965 and repealed MCLA 242.8; MSA 9.958. MCLA 242.8; MSA 9.958 also limited actions against governmental agencies in such situations to two years. Consequently, no change occurred in the law regarding applicable limitations on actions of this nature, and so no amendment to MCLA 600.5805; MSA 27A.5805 was occasioned in this regard. Plaintiff was subject to the same limitations period under the predecessor of MCLA 600.1411; MSA 3.996(111). We fail to see the argument here.

Because of this resolution of the plaintiff's claim, there is no need to address plaintiff's further argument that MCLA 691.1411; MSA 3.996(111), violates the title-body clause of Const 1963, art 4, § 24.

Plaintiff also argues that MCLA 691.1411; MSA 3.996(111), denies equal protection of the law due

---

reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency."

to its shorter statute of limitations period for claims against a public tortfeasor than against a private tortfeasor under MCLA 600.5805; MSA 27A.5805.

As plaintiff did not raise this issue at trial, we will not review the allegation of error on appeal. *Michigan Carousel, Inc v Cecil,* 66 Mich App 248, 251; 238 NW2d 825 (1975). However, we might note that decisions do not support plaintiff on this claim. *Dillon v Tamminga #1,* 64 Mich App 301, 303; 236 NW2d 716 (1975), *Busha v State Highway Department,* 51 Mich App 397; 215 NW2d 567 (1974). Consequently, we hold that the trial court did not err in granting defendant City of Detroit's motion for accelerated judgment under GCR 1963, 116.1(5).

Plaintiff next contends that the trial court erred in granting defendant Grossman's motion for accelerated judgment under GCR 1963, 116.1(5). The court did so on grounds that the three-month limitations period had run to bar action against decedent's estate. MCLA 701.19; MSA 27.3178(19),[2]

---

[2] MCLA 701.19; MSA 27.3178(19) reads in part:

"Each judge of probate shall have jurisdiction:

"(1) Of all matters relating to the settlement of the estates of all deceased persons, whether testate or intestate, who were at the time of their decease inhabitants of, or residents in his county, and of all who shall die without the state leaving any estate within such county to be administered:

\* \* \*

"To that end he may, upon the filing in said court of a petition therein, within 3 months of the original hearing, or of the rendering or making of any order, sentence or decree, as the case may be, and after due notice to all parties interested, grant rehearings, and may modify and set aside orders, sentences and decrees rendered in such court. The jurisdiction conferred by this section shall not be construed to deprive the circuit court in chancery in the proper county of concurrent jurisdiction as originally exercised over the same matter. The court shall make and enter an order with respect to the original hearing or rehearing of contested matters within 3 months after the termination of such hearing or rehearing."

MCLA 704.56; MSA 27.3178(307).[3] However, plaintiff alleges that the bar should not operate because she was an "interested party" under MCLA 701.32; MSA 27.3178(32),[4] and so was entitled to actual notice of the claims hearing for decedent's estate, not merely notice by publication pursuant to MCLA 708.2; MSA 27.3178(412),[5] MCLA 701.32; MSA 27.3178(32). The trial court found that plaintiff was not an "interested party" within the

[3] MCLA 704.56; MSA 27.3178(307) reads in part:

"The court may, upon petition having been filed after the closing of an estate, cause the same to be reopened for the purpose of administering after discovered assets or to complete the administration of the same in case said estate was closed without being fully administered by the fiduciary or court, or for the correction of typographical errors, omissions, or misdescription of property contained in any order or record in said estate, and for any of these purposes may appoint a successor fiduciary: Provided, however, That the failure of a claimant to file a claim against said estate during the original administration thereof shall not be a cause for reopening the same or for the appointment of a successor fiduciary."

[4] MCLA 701.32; MSA 27.3178(32) reads in part:

"In all cases where notice has been given solely by publication, as aforesaid, copies of such notice shall be sent by the petitioner, fiduciary or his attorney by registered or certified mail, with return receipt demanded, at least 14 days prior to the time appointed therein for hearing, to all persons appearing at the time of such mailing from the records of the estate or proceeding with respect to which such notice is given to have an interest therein, and such copies shall be mailed as aforesaid to the persons entitled thereto at their respective last known addresses: Provided, however, That such service by registered or certified mail may be dispensed with whenever the names or addresses of such interested persons are unknown and cannot be ascertained by the exercise of reasonable diligence or whenever such interested persons are unborn, unascertained or have only contingent future interests, or have signed a petition for an order of said court with respect to which such notice by registered or certified mail would otherwise be required, or by writing filed in said court have waived such notice."

[5] MCLA 708.2; MSA 27.3178(412) reads in part:

"When the court has approved the bond of the fiduciary in all estates of decedents and estates of incompetents, he shall immediately fix a date for the filing of claims and for the hearing on claims, which date for the hearing of claims shall be not less than 2 nor more than 4 months from the date of the first publication of the order therefor, and the court shall forthwith cause notice to prove claims and of the hearing thereon to be given by publication as provided in sections 32 to 35 of chapter 1 of this act."

meaning of the law. We agree with the trial court.

Plaintiff cites a recent decision of our Court. *In re Fjerstad Estate,* 47 Mich App 100; 209 NW2d 302 (1973). Our discussion of that decision will dispose of the issue in this matter. We, of course, recognize that *Fjerstad* involved a very similar situation. Plaintiff there brought an action beyond the three-month limitation period against defendant Fjerstad's estate, alleging that the statutory bar should not operate against her because she was not given actual notice as an "interested party". The Court found her an "interested party" under MCLA 701.32; MSA 27.3178(32), and held that anyone who has a claim against an estate must be given actual notice. *Id.* at 104.

Exactly who constitutes an "interested party" is not defined in the probate code. However, Rule 18, § 2(a)(9) of the Rules of Practice of the Probate Courts of the State of Michigan does define "interested party" for our purposes:[6]

"In the hearing on claims of any decedent or ward, the beneficiaries of any testate estate, the heirs-at-law of any intestate estate, and the presumptive heirs-at-law of any ward, are interested parties."

---

[6] Rule 18, § 1(b) reads:

"In all cases where notice has been given by publication, as provided by law, on the hearing of any of the following: petition to determine heirs of any decedent; petition of any surety upon any bond of any fiduciary for discharge from further responsibility; petition of any fiduciary for examination and allowance of any accounting; petition of any interest party for assignment of any estate to heirs or beneficiaries; hearing on claims of any decedent or person under guardianship; petition to sell, lease or mortgage real estate, or any interest therein, of any decedent or ward, the petitioner or fiduciary, as the case may be, or his attorney, shall cause notice, by personal service or by registered, certified, or ordinary mail to be given all known interested parties, whose existence and whereabouts are known to the petitioner or fiduciary, or can be ascertained by the exercise of reasonable diligence, at least 14 days before the date originally set for hearing, or any adjournment thereof, unless such notice is waived under section 34 of chapter 1 of the probate code."

We recognize also that a court rule will prevail where any conflict arises regarding a similar statutory provision. *Hoffman v Bos,* 56 Mich App 448, 455; 224 NW2d 107 (1974), *Perin v Peuler,* 373 Mich 531, 541; 130 NW2d 4 (1964). Because *Fjerstad* defines "interest party" in terms which conflict with Rule 18, we must find that conflict does exist and hold that our interpretation under the rule must apply.

Consequently, *Fjerstad* cannot control the disposition of this matter. We find plaintiff is not an "interested party" within the definition of Rule 18, and so was not entitled to actual notice. Notice by publication was sufficient. As a result, her claim was properly barred under MCLA 701.19; MSA 27.3178(19), MCLA 704.56; MSA 27.3178(307). *Maxman v Goldsmith,* 55 Mich App 656, 658; 223 NW2d 113 (1974), *Wright v Estate of Treichel,* 47 Mich App 626, 630; 209 NW2d 806 (1973). The trial court acted properly in granting defendant Grossman's motion for accelerated judgment under GCR 1963, 116.1(5).

Affirmed.