## Louis Conrad v. James Nall, Jr., and others.

*Judgment: Statute of limitations: Residence.* In an action of debt on a judgment where the defense is the statute of limitations, and the evidence discloses that the defendant was absent from the state, in the state of Ohio, while his family remained in the state, during a portion of the period of limitation, it is error to charge the jury that "his stay in Ohio, while his family remained in Detroit, was not a residence there." The residence of his family in Detroit could not, by itself, as matter of law, determine the place of his residence.

*Amending statute construed.* The act of 1869 (*Sess. L., 1869, p 155*) amending § *24, ch. 140, R. S., 1846* (*Comp. L., § 5384*), was not intended to operate independently of the other provisions of the same chapter. The whole chapter in its present form is now to be read as one act, with its several parts and clauses mutually acting on each other as their sense requires.

*Judgment of courts of record: Statute of limitations: Absences.* Section 9 of said chapter (*Comp. L., § 5369*) providing for a deduction from the period of limitation of the time the debtor is absent from, and resides out of, the state, applies to every cause of action mentioned in the chapter, which includes debtors by judgment recovered in courts of record as well as those recovered in courts not of record.

*Heard January 10. Decided January 11.*

Error to Wayne Circuit.

This action was brought by James Nall, jr., Hubbard N. Duncklee and John H Shepard, for the use and benefit of James Nall, jr., against Louis Conrad. The trial was by jury, and the verdict and judgment for the plaintiffs. The defendant brings the cause to this court on writ of error.

*H. M. & W. E. Cheever,* for plaintiff in error.

*L. S. Trowbridge* and *S. Larned,* for defendant in error.

GRAVES, J.

This was a suit in debt, commenced by defendants in error on June 5, 1871, in the circuit court for the county of Wayne, on a judgment recovered in the same court, on the 9th day of September, 1858.

The plaintiff in error, with his plea of the general issue, gave notice that he would insist on the statute of limitations as a defense to the action. On the trial, the plaintiffs proved the judgment set forth in the declaration, and gave evidence tending to prove that the defendant had been absent from, and resided out of, the state and in the state of Ohio for the space of about four years. The plaintiffs having rested, the defendant gave evidence tending to prove that for a considerable portion of the time when he was absent from the state, his family resided in the city of Detroit where he had before resided; that he frequently returned to Detroit and remained several days at a time; that he went to Ohio without intending to make his home there, but with the purpose of remaining there for a time and then to return to Detroit, and that his wife was with him in Ohio less than two years when he returned to Detroit.

The evidence being closed, the court, on request of the plaintiffs' counsel, charged the jury:

*First.* That if they should find that the defendant had not resided in the state ten full years subsequent to the rendition of the judgment, the action was not barred, and the plaintiffs were entitled to recover.

*Second.* That if they found that the defendant became a resident of Ohio before the expiration of ten years from the recovery of the judgment, the statute did not begin to run again in his favor until his return to the state to reside.

*Third.* That to avail himself of the statute, the defendant was required to prove that, deducting all the times of

his absences from, and residence out of, the state, he was within the state ten years after the recovery of the judgment and before the commencement of this suit.

*Fourth.* That to avail himself of his temporary returns, he was required to show that his return was actually known to the plaintiffs, or so open and notorious as connected with some locality that the plaintiffs, by using ordinary diligence, could have known of them.

The court added the following instruction at the instance of the defendant:

"Residence," within the meaning of *Section 9, R. S. 1846, Ch. 140,* consists of this: When a person goes to a place intending to remain, and establishes there his domicil or permanent residence, and does so remain.

The following requests by the defendant were refused:

*First.* This action being based upon a judgment of this court, and not having been brought within ten years after the rendition of said judgment, the plaintiffs cannot recover.

*Third.* The burden is on the plaintiffs to show satisfactorily that defendant has resided out of the state a sufficient period to reduce the time since judgment was rendered, to less than ten years. His stay in Ohio, while his family remained in Detroit, was not a residence there.

The jury returned a verdict for the defendants in error.

The third request of plaintiff in error was properly refused. It was presented as a single proposition, and the concluding passage was clearly wrong. The residence of his family in Detroit, could not by itself, as matter of law, determine the place of his residence, and yet the request sought an instruction to that effect.

It is urged for the plaintiff in error that the act of 1869 (*Sess. L. 1869, p. 155*), amending § *24 of Ch. 140 of the R. S. 1846,* was intended to operate independently of the other

provisions of the same chapter, and must therefore be considered as unaffected by the provisions of § 9 relating to parties residing or going abroad, and consequently as affording a complete bar when ten years elapse before suit.

We think this position is not maintainable.

The legislature, by the act of 1869, made a change in § 24 of the chapter, but made no other alteration, and the whole chapter in its present form is now to be read as one act, with its several parts and clauses mutually acting on each other as their sense requires.

While the necessity or propriety for excluding absences in computing the time of limitation may not be so general in cases of judgment debtors as in those of other debtors, there must be numerous instances where the reason for such exclusion is as strong for one as the other.

This section 9, in express words, is made to apply to every cause of action which the chapter aims to limit, and it very clearly applies to debtors by judgments not recovered in courts of record, and which denomination includes more than three-fourths of all the judgments rendered in the state; and we see no reason for supposing the legislature intended to create an absolute bar in favor of one portion of judgment debtors comparatively small in numbers, by the mere effluxion of time, and by the same chapter to prescribe a different rule for the great bulk of judgment debtors, by which absences would come out of the stated period.

As this disposes of the questions made in the case, the judgment should be affirmed with costs.

The other Justices concurred.