SPROAT *v.* HALL.

1. LIMITATION OF ACTIONS—NONRESIDENCE—ABSENCE FROM STATE. Plaintiff brought assumpsit on an obligation dated more than ten years previous, and which defendants claimed was barred by the statute of limitations. They were actors whose location frequently changed and who were out of the State, traveling about the country during most of the ten-year period. It was, however, defendants' claim that they maintained their domicile in Detroit, Michigan, during the whole time and that they often returned to their said place of residence, and had no other domicile. Under 3 Comp. Laws, § 9728 (5 How. Stat. [2d Ed.] § 14135),

*held*, that neither absence from nor residence outside the State would suspend the running of the statute, but that both conditions must concur, and the question of defendants' domicile should have been submitted to the jury, upon proofs having a tendency to sustain the claim of either party.

2. SAME—HOME—TRAVELING.

The profession of an actor who travels from State to State does not preclude him from having a home at a particular place.

3. SAME—TRIAL—REFUSING REQUESTS.

Where the trial court refused to charge as. requested that the effect of defendants' alleged residence in Michigan during most of the time during which plaintiff claimed he was outside the State would bar the suit, and where the court stated his opinion to be that defendant must have been within the State a consecutive period of six years, after the demand accrued, and the question might perhaps be one of fact, counsel for the defense concurring but saying that the question of residence in Michigan was as he understood it eliminated by the court, he could not be held to have deterred the trial judge from submitting to the jury the issue as to his residence in the State, and, particularly, in view of requests to charge presented by said attorney bearing upon that issue.

Error to Kent; Brown, J. Submitted October 5, 1915. (Docket No. 1.) Decided December 21, 1915.

Assumpsit in justice's court by William J. Sproat against Lou Hall and wife, for an indebtedness evidenced by a writing. Judgment for plaintiff; defendants appealing to the circuit court. Judgment for plaintiff. Defendant Lou Hall brings error. Reversed.

*Rodgers & Rodgers*, for appellant.

*Hall, Gillard & Temple*, for appellee.

A verdict for plaintiff was directed by the court, and judgment was entered on the verdict; plaintiff having submitted to nonsuit as to defendant Hilda

Thomas. The suit was begun January 24, 1914, upon a cause of action which, as appears by the pleadings and proofs, accrued to plaintiff January 28, 1903. Defendants gave notice of their reliance upon the statute of limitations. There was written evidence of the debt relied upon by plaintiff, 'in the form of an I. O. U., which bore the date last above, and which was executed in Chicago, Ill., by defendant Hall. Plaintiff was and is a resident of Grand Rapids, Mich. Defendants, when the demand accrued, were nonresidents of Michigan, and, as has been stated, were absent from the State. They are husband and wife, by profession actors, and during all of the period in question, with rests and vacations, traveled about the country. From the year 1903 until 1910, except perhaps one or two years, they were in Michigan, and in Grand Rapids each year, playing engagements there, to the knowledge of plaintiff, who at some of the times met them, and who could during any of those years have there obtained personal service of process upon them. Defendant Hall offered testimony tending to prove that in the winter of 1904, or the spring of 1905, he established a residence in the city of Detroit, Mich., which for more than nine years he maintained, and had no other residence; that, when occasion permitted, he and his wife' returned to and lived in Detroit, where his clothing and such household goods as they possessed were stored and, when they were there, were used. That the debt accrued at the time hereinbefore stated, that no part of it had been paid, that at that time defendants were absent from and resided out of the State, and that defendant had not been within the State, either a period of six years or different periods amounting to six years, since January 28, 1903, were admitted facts.

The trial court instructed the jury, in part, as follows:

"In view of the fact that there is no dispute here but what there was a liability on the part of Lou Hall to Mr. Sproat January 28, 1903, and that no part of it has been paid, that liability was $150.88, and in view of the fact that the testimony establishes the fact and it is not disputed, that the debt was incurred outside of the State of Michigan, by a nonresident of the State of Michigan, and in view of the fact that the defendant since that time, under the law as I see it and apply it, has not come within the State of Michigan and been here a sufficient length of time to establish his defense, that of the statute of limitations, it simply remains for the court to say to you that the plaintiff has made out his entire case against the defendant Lou Hall."

In a carefully prepared brief counsel for appellant states his proposition, refused by the trial court, in this way:

"If the debtor is outside of the State of Michigan when the cause of action shall accrue, the statute of limitations does not commence to run until the debtor shall come within the State of Michigan. The statute of limitations does commence to run as soon as the debtor shall come within the State of Michigan under such circumstances that the creditor by the use of ordinary or reasonable diligence may have an opportunity to sue him. The statute will run from that time on, except during such periods as the debtor shall be both absent from and a nonresident of the State of Michigan. A careful examination of a multitude of authorities on this subject in the various States justifies us in saying that there is throughout the American jurisprudence scarcely a dissenting voice to be heard in opposition to the above conclusion."

Counsel for appellee say:

"Other States have the provision like ours that the statute does not run while the defendant is absent from and resides out of the State. In such States it is held that absence and nonresidence must concur. Our court held that to be the correct rule in *Campbell* v. *White*, 22 Mich. 178. We admit that to be the correct

doctrine. In the case at bar it was conceded that between January 28, 1903, and January 24, 1914, the defendant had been absent from the State all of the time, with the exception of about two years. Therefore the claim is not barred, unless defendant actually resided at Detroit from 1904 or 1905. That is why we say that the one and only question in this case is: Where did Lou Hall reside after 1904 or 1905?"

They further say that the court can say, as matter of law, that defendant was not a resident of Michigan within the meaning of our statute of limitations.

The statute (3 Comp. Laws, § 9728; 5 How. Stat. [2d Ed.] § 14135) provides that actions such as this one is shall be commenced within six years next after the cause of action shall accrue and not afterwards. It is, however, further provided (3 Comp. Laws, § 9736; 5 How. Stat. [2d Ed.] § 14143):

"If at the time when any cause of action mentioned in this chapter, shall accrue against any person, he shall be out of the State, the action may be commenced within the time herein limited therefor, after such person shall come into this State, and if after any cause of action shall have accrued, the person against whom it shall have accrued shall be absent from and reside out of the State, the time of his absence shall not be taken as any part of the time limited for the commencement of the action."

OSTRANDER, J. (*after stating the facts*). While our statute was copied from Massachusetts, in which State its form, as copied, had been reached by successive modifications, still the whole chapter, in its present form, is "to be read as one act, with its several parts and clauses mutually acting on each other as their sense requires." *Conrad* v. *Nall*, 24 Mich. 275, 277, 278. Its construction and its application to cases like the one before us was settled many years ago. *Campbell* v. *White*, 22 Mich. 178; *Conrad* v. *Nall*, *supra*; *White* v. *Campbell*, 25 Mich. 463. In the first of these cases it was distinctly held that it was the leg-

islative intent · that the operation of the exception
should be concurrent with the existence of the obstacle
which prevents service upon the debtor, and that
neither absence from the State nor residence out of it
will, of itself, suspend the running of the statute, but
both must exist to take the case out of the statute.   In
*Conrad* v. *Nall,* which was an action on a judgment, the
court charged the jury as follows:

"*First.*   That, if they should find that the defendant
had not resided in the State ten full years subsequent
to the rendition of the judgment, the action was not
barred, and the plaintiffs were entitled to recover.

"*Second.*   That, if they found that the defendant be-
came a resident of Ohio before the expiration of ten
years from the recovery of the judgment, the statute
did not begin to run again in his favor until his return
to the State to reside.

"*Third.*   That, to avail himself of the statute, the de-
fendant was required to prove that, deducting all the
times of his absences from, and residence out of, the
State, he was within the State ten years after the re-
covery of the judgment and before the commencement
of this suit.

"*Fourth.*   That, to avail himself of his temporary re-
turns, he was required to show that his return was
actually known to the plaintiffs, or so open and noto-
rious as connected with some locality that the plain-
tiffs, by using ordinary diligence, could have known of
them."

This charge was apparently approved, and the judg-
ment for plaintiff was affirmed.

The rule of the cases cited has not been questioned
—certainly has not been changed—by any decision to
which our attention is directed.   Applied to the facts,
it is at once evident that the period of defendant's resi-
dence in the State, if he resided here at all, is of con-
trolling importance.   We cannot say, as matter of law,
that the profession of an actor, who usually, during
the theatrical season, travels from State to State, pre-

189 Mich.—3.

cludes his having a home at a particular place, the fact of which may be so notorious as to be discoverable by a creditor residing in the same State. The phrase "and reside out of the State," in our statute, was interpreted in *Campbell* v. *White* to import,

"something so distinct, definite, and fixed as to constitute the party's home the place of permanent abode, which, whenever left temporarily or on business, the party intends to return to, and on returning to, is at home."

There is no reason for giving the term "reside in the State" a different meaning. There was testimony from which a jury might have found that defendant had such a home in Detroit from the spring of 1905 until suit was begun. There was testimony sustaining plaintiff's theory of a continued nonresidence of defendant.

It is said by counsel for appellee that the court expressed an intention of submitting the question to the jury, and was deterred from so doing by counsel for defendant. The court made a statement of what he understood the testimony to show, and, to some extent, his views of the controlling rules of law. In doing so he eliminated defendant's theory of the effect of defendant's residence in the State from and after 1905. Later, in a colloquy, the court having expressed the opinion that defendant was bound to make it appear that he had been in the State a consecutive period of six years, or a number of times aggregating six years, before suit was begun, and after the demand accrued, and that this might be a question for the jury, counsel for defendant said that the testimony undoubtedly failed to establish either fact. But he also said in that connection:

"Now, talking about residence in Michigan, that is another proposition, but I understand that is eliminated."

I think it sufficiently appears that counsel for de-

fendant did not deter the court from submitting the question of defendant's residence in the State to the jury. His remarks were made with reference to rulings which treated the question of residence as of no importance, rulings which rejected his defense, even if the fact of defendant's residence in Detroit, as claimed by him, was established. This view of the position of counsel is further sustained by the form of his requests to charge which were refused. I think, therefore, he is entitled to urge in this court that the rejection of his theory by the court below was error, and that his theory called for a submission of the question of defendant's residence to the jury.

The judgment is reversed, and a new trial ordered.

BROOKE, C. J., and PERSON, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.