HOLLAND *v.* ITTNER

1. PROCESS—SERVICE—NONRESIDENT MOTORIST—STATUTE OF LIMITA-
TIONS.

Service of a summons and complaint on the secretary of state
in an action against a motorist who is no longer a resident
of the state is sufficient to toll the applicable statute of
limitations for 90 days (CLS 1961, §§ 257.403, 600.5856).

2. PROCESS—SERVICE—NONRESIDENT MOTORIST—RECEIPT—PERSONAL
RECEIPT.

Statute allowing service of process against a person who is a
defendant in an automobile negligence action in this state
but who is not presently a resident of this state to be had
by serving a summons and a copy of the complaint on the
secretary of state, provided that defendant is notified of such
service by registered mail and a return receipt to that effect
is furnished *held,* not to require that the return receipt be
signed by defendant personally, the signature of his agent
being sufficient (CLS 1961, § 257.403).

Appeal from Wayne, John B. Swainson, J.  Sub-
mitted Division 1 February 12, 1969, at Detroit.
(Docket No. 5,689.)   Decided March 25, 1969.

Complaint by Daisy Holland against Edward
Ittner for damages resulting from an automobile
collision.   Defendant's motion to quash service and

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 865.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 867.
Statutory service on nonresident motorists: return receipts.   95
ALR2d 1033.

for an accelerated judgment granted. Plaintiff appeals. Reversed and remanded for trial.

*Smith, Bokos & Jones,* for plaintiff.

*Garan, Lucow & Miller,* for defendant.

BEFORE: Fitzgerald, P. J., and R. B. Burns and Bronson, JJ.

R. B. Burns, J. Plaintiff and defendant were involved in an automobile accident January 19, 1963, in Wayne county, Michigan. On December 14, 1965, plaintiff instituted an action in the circuit court for the county of Wayne. Plaintiff discovered that defendant was living in Mexico City, Mexico, and on January 14, 1966, in accordance with the Michigan nonresident motorist act, MCLA § 257.403 (Stat Ann 1968 Rev § 9.2103), mailed the summons and complaint to the secretary of state. On the same date copies of the summons and complaint were mailed by registered letter to defendant's place of employment in Mexico City. The red registry slip was returned to plaintiff's counsel on February 19, 1966, with initials purporting to be those of an employee of the company by whom defendant was employed in Mexico City. It was subsequently determined that the person who received the registered letter at defendant's place of employment was a co-employee of the defendant and a person authorized by defendant's employer to pick up mail bearing the company's address. All letters received by the company directed to employees were registered in the company's mail books. These books reveal that a letter was received from plaintiff's attorney by the company, addressed to the defendant, on February 19, 1966. It was also revealed that defendant had

received other letters bearing the company's address, and that he had never objected to this procedure. The trial court held that the plaintiff had not complied with the Michigan nonresident motorist act, *supra,* quashed service of process and ruled that the statute of limitations had expired.

The issue of whether service of process is effective under the Michigan nonresident motorist act when notice of service on the secretary of state is sent to the defendant by registered mail and a return receipt is signed by a person other than the defendant has never been decided by the Michigan courts. The New York statute is similar to that of Michigan. In *Shushereba* v. *Ames* (1931), 255 NY 490 (175 NE 187), the Court stated:

"After the notice has been intrusted to the mail, the plaintiff has no control over the manner of its delivery. He cannot by affidavit show that it has actually been delivered to the defendant, or even at the defendant's address. As a substitute for proof of service of notice by the affidavit of the party making such service, the statute provides for the kind of proof which is unquestioningly accepted in the ordinary affairs of life. The statute requires that the 'defendant's return receipt' shall be filed. It does not expressly or by fair implication require that the 'defendant's return receipt' shall be signed personally by the defendant. The requirement is fully complied with by filing a 'return receipt' given in accordance with the rules or customs of the post office department by the defendant or by some other person authorized to receive registered mail addressed to the defendant. The legislature cannot have intended that the 'defendant's return receipt' should have any narrower or different meaning. It provides for transmission of notice by registered mail—a method which, with almost absolute certainty, insures delivery to the place of address, and

the return receipt of the addressee made out in accordance with the forms provided by the post office department affords, at least, reasonable certainty that the notice has been delivered to the proper person. The receipt is no less the defendant's receipt if signed by the defendant's agent than if signed by himself."

The former Michigan statute, CL 1929, §§ 4790–4792 (Stat Ann §§ 9.1701–9.1703), which was essentially the same as the present statute, was interpreted by the United States District Court, eastern district of Michigan, southern division, as not requiring personal receipt by the defendant. In *Mackie* v. *Rankin* (1949), 87 F Supp 614, the court held:

"It only remains to inquire whether notice to him under the statute was sufficient. The statute provides only that notice of such service on the secretary of state and a copy of the summons be served upon defendant personally by the sheriff or constable of the county in which he resides, or sent by registered mail by the plaintiff or his attorney to the defendant, and that, if service be made by mail, the plaintiff or his attorney shall make affidavit showing that he has made service of the notice and summons upon the defendant by registered mail as therein provided and affiant shall attach thereto a true copy of the summons and notice so served and the registered receipt of the defendant, and shall file the affidavit and the attached papers with the court having jurisdiction of said cause. The statutory notice was forwarded to defendant Bradford to his last known address at Chicago, Illinois, and was receipted for by a person whose act in accepting the letter, in absence of a showing to the contrary, satisfies the statute as to notice. The statute does not require a personal receipt of the defendant and the notice to him was therefore sufficient under the statute.

*Shushereba* v. *Ames* (1931), 255 NY 490 (175 NE 187); *Bessan* v. *Public Service Coordinated Transport* (1929), 135 Misc 368 (237 NYS 689)."

We hold that the plaintiff complied with the Michigan nonresident motorist act. When the plaintiff served the secretary of state, the statute of limitations was tolled for a period not longer than 90 days. MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856); *Bush* v. *Watson* (1966), 3 Mich App 94. The summons and complaint were mailed to the defendant and received by his agent on February 19, 1966, within this 90-day period.

Reversed and remanded for trial. Costs to appellant.

All concurred.