MELVILLE *v.* KELLEHER

1. LIMITATION OF ACTIONS — STATUTES — TOLLING — AUTOMOBILES — NONRESIDENT MOTORIST.
   There is no provision in any statute for tolling of the statute of limitations in the event that a plaintiff is unable to locate a nonresident motorist defendant notwithstanding the fact that he has made diligent effort to do so (CLS 1961, § 600.5805).

2. LIMITATION OF ACTIONS—STATUTES—AUTOMOBILES—NONRESIDENT MOTORIST—PROCESS—FICTIONAL PRESENCE.
   The fictitious presence of a nonresident motorist defendant by an agent, imposed by law upon that defendant, brings him within the state for purposes of service of process and the same fiction causes the period of limitation to run (MCLA 1969 Cum Supp § 257.403).

3. AUTOMOBILES—NOTICE—NONRESIDENT MOTORIST—JURISDICTION.
   The nonresident motorist statute requires actual notice of the pendency of an action before jurisdiction is acquired over a nonresident defendant (MCLA 1969 Cum Supp § 257.403).

---

REFERENCE FOR POINTS IN HEADNOTES
[1–5] 8 Am Jur 2d, Automobiles and Highway Traffic § 865.

4. LIMITATION OF ACTIONS—AUTOMOBILES—NONRESIDENT MOTORIST—PROCESS—STATUTE.

   Proper service was not made upon defendant, a nonresident motorist, before plaintiff's cause of action was outlawed by the statute of limitations where plaintiff was involved in an accident with an automobile driven by defendant on December 14, 1963, a copy of the summons and complaint were served upon the Secretary of State in November of 1966, and on March 5, 1968 defendant was personally served with a copy of the summons and the complaint at his Ohio residence (CLS 1961, § 600.5805; MCLA 1969 Cum Supp § 257.403).

5. LIMITATION OF ACTIONS—AUTOMOBILES—NONRESIDENT MOTORIST—STATUTES.

   A plaintiff is required to obtain either personal service or service by certified mail upon a nonresident motorist defendant within the 3-year and 90-day time limit granted to him by statutes (CLS 1961, §§ 600.5805, 600.5856).

Appeal from Wayne, Victor J. Baum, J. Submitted Division 1 December 9, 1969, at Detroit. (Docket No. 63,836.) Decided February 26, 1970, Leave to appeal denied August 18, 1970. 383 Mich 819.

Complaint by Walter Melville against Timothy John Kelleher and Frank La Fave for injuries sustained when he was hit by defendant La Fave's automobile. Accelerated judgment for defendants. Plaintiff appeals. Affirmed.

*Plunkett, Cooney, Rutt & Peacock* (*Joel S. Morse,* of counsel), for plaintiff.

*Rouse, Selby, Dickinson, Shaw & Pike* (*Ronald R. Hanlon,* of counsel), for defendants.

Before: LESINSKI, C. J., and LEVIN and DANHOF, JJ.

DANHOF, J. On December 14, 1963 plaintiff was involved in an automobile accident with a vehicle

owned by the defendant Frank La Fave and driven with ·his knowledge and consent by defendant Timothy Kelleher. At the time of the accident both defendants, Kelleher and La Fave, were members of the armed forces assigned to the Belle Isle Missile Base within the State of Michigan. Subsequently, defendant Kelleher was discharged from the armed forces and returned to his home city of Cincinnati, Ohio as of January 29, 1964. From and after January 29, 1964 defendant Kelleher resided at various addresses, all in Cincinnati, Ohio. The complaint in this case was filed on November 17, 1966 and copies of the complaint and the summons were, in good faith, put in the hands of an officer for immediate service. The record discloses that a copy of the summons and the complaint were served upon the secretary of state in November of 1966 and a notice of this, together with a copy of the summons and the complaint were sent by certified mail to defendant Kelleher addressed as follows: Timothy John Kelleher, 3243 Woodfield, Cincinnati, Ohio. This mail was returned to the plaintiff's attorney marked "unclaimed." On March 5, 1968 defendant Kelleher was personally served with a copy of the summons and the complaint at his residence 2445 Westwood Northern Boulevard, Cincinnati, Ohio. By affidavit defendant alleges that at no time did he reside at 3243 Woodfield, Cincinnati, Ohio, although he did reside at 3243 Whitfield, Fessell Garden Apartments, Cincinnati, Ohio from September 1, 1964 until September 30, 1965.

Defendant Kelleher, pursuant to GCR 1963, 116 filed a motion for an accelerated judgment pleading the statute of limitations. The trial court by written opinion granted defendant's motion for accelerated judgment and pursuant to GCR 1968, 806.1, plaintiff brings this appeal.

The question that this Court is asked to answer is whether there was proper service upon the defendant Kelleher before plaintiff's cause of action was outlawed by the statute of limitations. Plaintiff's cause of action is governed by the provisions of CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805) and thus the statute of limitations absent a tolling of the statute, would have run as of December 14, 1966. The trial court found that the plaintiff, in good faith, placed the summons and complaint in the hands of an officer for service. Thus, the statute was tolled for an additional time of 90 days as provided by CLS 1961, § 600.5856 (Stat Ann 1962 Rev § 27A.5856).

Plaintiff claims that the provisions of MCLA 1969 Cum Supp § 257.403 (Stat Ann 1968 Rev § 9.2103) which provides for service on nonresident operators or owners of motor vehicles has been met if service is made upon the secretary of state within the three-year period, and thereafter service is in fact accomplished upon the defendant by personal service or registered mail. Plaintiff claims that to require him to obtain either personal service or service by registered mail upon the nonresident defendant within the statutory period will make a nullity of the nonresident motorist statute. Thus, in essence what plaintiff claims is that the statute of limitations is tolled upon the filing of the complaint and the service of process upon the secretary of state and that he may thereafter serve the actual defendant beyond the statutory time. While sympathy may be expressed for this view the Supreme Court of Michigan and this Court have determined otherwise. In *Bush* v. *Watson* (1966), 3 Mich App 94 this Court stated:

"There is no provision in any statute for tolling of the statute of limitations in the event the plaintiff

is unable to locate a nonresident motorist defendant notwithstanding the fact that he has made diligent effort to do so. The only method for tolling the statute is that contained in the statutes themselves. *Vega* v. *Briggs Manufacturing Company* (1954), 341 Mich 218. The remedy, if any, under these circumstances, is for legislative action."

Thus, we must look to the statutes as to whether the statute of limitations was in fact tolled. CLS 1961, § 600.5853 (Stat Ann 1962 Rev § 27A.5853) states:

"If any person is outside of this state at the time any claim accrues against him the period of limitation shall only begin to run when he enters this state unless a means of service of process sufficient to vest the jurisdiction of a Michigan court over him was available to the plaintiff. If after any claim accrues the person against whom the claim accrued is absent from this state, any and all periods of absence in excess of 2 months at a time shall not be counted as any part of the time limited for the commencement of the action *unless while he was outside of this state a means for service of process sufficient to vest the jurisdiction of a Michigan court over him was available to the plaintiff.*" (Emphasis supplied.)

MCLA 1969 Cum Supp § 257.403 (Stat Ann 1968 Rev § 9.2103) supplies to the plaintiff a means of service of process sufficient to vest jurisdiction of a Michigan court. Consequently, there is no tolling of the statute because defendant Kelleher resided in the state of Ohio. Justice KELLY writing for a unanimous Court in *Hammell* v. *Bettison* (1961), 362 Mich 396 commented on this question, p 405:

" 'The fictional presence of a defendant by an agent, imposed by law upon the defendant, brings the defendant within the state for purposes of serv-

ice of process and the same fiction causes the period of limitations to run.

" 'To hold otherwise would be to permit a plaintiff, who has a claim against a nonresident operator or owner of a motor vehicle, to ignore indefinitely his right to make use of substituted service of process and bring an action thereunder whenever he chooses without any regard whatsoever for the periods of limitations.' "

And further on p 408:

"After consideration of decisions from other jurisdictions and the briefs and appendix submitted on this appeal, this Court adopts the majority decision of the several states, namely: That the statute of limitations is not suspended during the absence from the state of a nonresident motorist."

In addition, our Supreme Court has held in *Tomkiw* v. *Sauceda* (1965), 374 Mich 381, that the nonresident motorist statute requires actual notice of the pendency of the action before jurisdiction is acquired over the defendant. On p 386 they quoted with approval 8 Am Jur 2d, Automobiles and Highway Traffic, § 867, p 423:

" 'Some courts have construed such provisions to mean the defendant must have actual notice of the pendency of the action before jurisdiction over him is acquired, and have held that where the registered mail is returned undelivered, there is no valid service upon the defendant, *particularly where the statute requires that the return receipt be made a part of the record of the substituted service,* or requires personal delivery of the registered mail.' (Emphasis supplied.)

"We find this position to be the most tenable, especially since the applicable Michigan statute does require that the return receipt be made a part of the record of service."

Thus, plaintiff is required to obtain either personal service or service by certified mail upon defendant Kelleher within the three-year and 90-day time limit granted to him by the statutes. Since defendant Kelleher was not served until June 5, 1968, the granting of the motion for accelerated judgment was proper.

Affirmed, costs to defendants-appellees.

All concurred.