BRASHERS v JEFFERSON

OPINION OF THE COURT

1. LIMITATION OF ACTIONS—FILING OF COMPLAINT—SERVICE OF PROCESS—COURT RULES

An action is commenced upon filing of a complaint for purposes of the statute of limitations; where the provisions of the statute of limitations have been met by filing a complaint, the fact of subsequent service of the complaint can in no way affect the commencing of the action (GCR 1963, 101).

2. PROCESS—SUMMONS—DISMISSAL OF ACTION—CLERKS OF COURTS—COURT RULES.

A summons is not valid for longer than 180 days from the date of the filing of the complaint; a court rule requires dismissal without prejudice of actions where the defendant has not been served within 180 days, and imposes upon the clerk of the court the duty of entering such an order of dismissal, but the rule is not self-executing and until the clerk in fact dismisses the complaint, the complaint is not dismissed (GCR 1963, 102.4, 102.5).

3. LIMITATION OF ACTIONS—ACCELERATED JUDGMENT—MOTIONS—EVIDENTIARY HEARING—COURT RULES.

An evidentiary hearing is necessary to determine the facts in ruling upon a motion for accelerated judgment which alleged that an action for automobile negligence was barred because of the statute of limitations where it appears from affidavits filed by the plaintiff's attorney that, although the defendant was not

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions § 208.
[2, 10] 51 Am Jur 2d, Limitation of Actions §§ 211, 213.
[3] 46 Am Jur 2d, Judgments § 375.
  Absence of judgment debtor from state as suspending or tolling running of period of limitations as to judgment. 27 ALR2d 839.
[4, 5] 51 Am Jur 2d, Limitation of Actions § 212.
[6] 51 Am Jur 2d, Limitation of Actions § 17.
[7] 51 Am Jur 2d, Limitation of Actions § 205.
[8, 9] 51 Am Jur 2d, Limitation of Actions § 162.

served personally with a summons and complaint until nearly four years after the accident, there probably existed no other manner reasonably calculated to give the defendant actual notice, and where the defendant, a resident of Michigan at the time of the accident, had departed from the state some time after the accident (GCR 1963, 105.8, 116.1[5], 116.3).

4. PROCESS—NONRESIDENT MOTORISTS—SUBSTITUTED SERVICE—FOREIGN RESIDENTS—STATUTES.

The statute pertaining to nonresident motorists, under which service of a summons may be accomplished by either mailing or delivering a copy of the summons to the Secretary of State and by either personally serving or mailing notice thereof to the defendant accompanied by a copy of the summons, is applicable to nonresident defendants living in a foreign country (MCLA 257.403).

5. PROCESS—NONRESIDENT MOTORISTS—SUBSTITUTED SERVICE—STATUTES—PUBLIC HIGHWAYS.

The statute pertaining to substituted service upon nonresident motorists limits valid service under the statute to actions involving accidents occurring on public highways and is not applicable to accidents occurring on private property (MCLA 257.403[a]).

6. LIMITATION OF ACTIONS—AFFIRMATIVE DEFENSES—BURDEN OF PROOF.

Pleading the statute of limitations is an affirmative defense to an action and the burden of proving the defense is upon the defendant; the defendant must prove the facts essential to effectuate the bar.

DISSENT BY MCGREGOR, P. J.

7. LIMITATION OF ACTIONS—TOLLING THE STATUTE—CALCULATION OF TIME—COMMENCEMENT OF ACTION.

*Tolling of the statute of limitations comes into play only when a prima facie bar of the statute appears, that is, when the action is not commenced within the statutory period, as determined by consulting the date of the claim, the date of filing the complaint and the calendar.*

8. LIMITATION OF ACTIONS—TOLLING THE STATUTE—NONRESIDENT MOTORISTS—STATUTES.

*There is no provision in any statute for tolling of the statute of limitations in the event the plaintiff is unable to locate a*

*nonresident motorist defendant notwithstanding the fact that he has made diligent effort to do so; the only method for tolling the statute is that contained in the statutes themselves.*

9. LIMITATION OF ACTIONS—TOLLING THE STATUTE—NONRESIDENT MO-
TORISTS—COURTS—JURISDICTION—STATUTES.

*There is no tolling of the statute of limitations in a claim for automobile negligence where there is a means of service of process sufficient to vest jurisdiction over a nonresident motorist (MCLA 600.5805[7], 600.5853, 600.705[2]).*

10. PROCESS—SERVICE OF PROCESS—NOTICE TO DEFENDANT—COURTS—
DISCRETION—COURT RULES.

*A court may, in its discretion, provide for a method of service of process upon a defendant in any manner which is reasonably calculated to reach the defendant where it is shown that service of process cannot reasonably be made in the manner provided for under other court rules (GCR 1963, 105.8).*

Appeal from Kalamazoo, Donald T. Anderson, J. Submitted June 5, 1975, at Grand Rapids. (Docket No. 21655.) Decided September 24, 1975. Leave to appeal denied, 395 Mich 822.

Complaint by James Brashers against John W. Jefferson for damages arising out of an automobile accident. Accelerated judgment for defendant. Plaintiff appeals. Remanded for further proceedings.

*Ford, Kriekard, Staton & Allen* (by *William E. Decker),* for plaintiff.

*James, Dark & Craig,* for defendant.

Before: McGREGOR, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

D. E. HOLBROOK, J. This appeal involves an automobile negligence case brought by plaintiff James Brashers, for damages against defendant John Wesley Jefferson. Plaintiff appeals from the grant-

ing of defendant's motion for an accelerated judgment based on the running of the statute of limitations.

The pertinent facts applicable to the issues raised on this appeal appear in the record which discloses that the accident happened on April 6, 1970. Plaintiff commenced a suit in Kalamazoo County Circuit Court on October 30, 1972. In June of 1973, plaintiff served on the Michigan Secretary of State the summons and complaint. A registered letter was sent to the defendant at a Muncie, Indiana address, and the registered letter was returned marked "Could Not Be Delivered". Attorney J. William Dark entered his appearance for the defendant in July of 1973. Upon learning that the registered letter was not served on the defendant, Mr. Dark requested of the court permission to withdraw his appearance, which was granted.

On August 8, 1973 a second suit with duplicate complaint was filed by plaintiff. On August 10, 1973 plaintiff filed proof of service showing that defendant had been personally served at Muncie, Indiana on August 7, 1973. The first suit was dismissed by the trial court on September 19, 1973, pursuant to GCR 1963, 102.5, since service was not obtained within 180 days of filing the complaint. The first complaint having been dismissed, the plaintiff's attorney filed a motion on October 18, 1973 to set aside the dismissal of the first complaint. On February 21, 1974 an opinion and order denying the motion were entered.

On November 19, 1973 an amended complaint had been filed, alleging that the accident occurred on private property. On February 19, 1974 a third suit was filed in the same manner and a summons issued. On March 19, 1974 an affidavit of service on the defendant was filed, showing personal ser-

vice on March 13, 1974 in Muncie, Indiana. On March 29, 1974 a motion for accelerated judgment was filed by the defendant in the third suit based on the claim that the statute of limitations had run. An opinion was filed by the trial court, granting defendant's motion, and accelerated judgment was entered on September 9, 1974.

Plaintiff appeals as of right, and first asserts that the statute of limitations was tolled during the entire period of defendant's absence from the state, pursuant to MCLA 600.5853; MSA 27A.5853. Plaintiff also asserts that the statute of limitations was tolled because he was materially hindered in effecting service of process on the defendant by means of either the nonresident motorist statute, if applicable, or by personal service.

MCLA 600.5853; MSA 27A.5853 reads as follows:

"If any person is outside of this state at the time any claim accrues against him the period of limitation shall only begin to run when he enters this state unless a means of service of process sufficient to vest the jurisdiction of a Michigan court over him was available to the plaintiff. If after any claim accrues the person against whom the claim accrued is absent from this state, any and all periods of absence in excess of 2 months at a time shall not be counted as any part of the time limited for the commencement of the action unless while he was outside of this state a means for service of process sufficient to vest the jurisdiction of a Michigan court over him was available to the plaintiff."

Plaintiff claims that the nonresident motorist statute is not applicable since the accident occurred on private property and not a public highway. The plaintiff further claims that the statute of limitations was tolled because the plaintiff had no means of service sufficient to vest jurisdiction of a Michigan court over the defendant. In support of

this claim, plaintiff asserts that available means of service are not considered sufficient to vest jurisdiction in a Michigan court where plaintiff shows that he has been materially hindered in effecting service, and was unable to locate defendant. Plaintiff also asserts that if the court is not able to acquire jurisdiction, theoretical permissible means for acquiring jurisdiction are not sufficient.

Defendant answers and asserts that under MCLA 600.705(2); MSA 27A.705(2),[1] plaintiff could have served defendant, since there existed a relationship between the defendant and the state based on the doing of an act within the state by the defendant, resulting in an action for tort. Additionally, defendant could have been served under the nonresident motorist statute by service upon the Michigan Secretary of State and either personal service or service by registered mail, with actual receipt by defendant of the service by registered mail required. Defendant also asserts that service under the non-resident motorist statute is not precluded in this case because the first two complaints filed by the plaintiff alleged that the accident occurred on a public thoroughfare, rather than on private property. For these reasons, defendant claims that the statute of limitations had run its course on plaintiff's action.

Of importance to this appeal, plaintiff's attorney filed a brief in the trial court and attached an affidavit which we set forth in full as follows:

"William E. Decker, being duly sworn deposes and says:

"1. That he is attorney for plaintiff in the above entitled action;

"2. That plaintiff originally filed a complaint on Octo-

---

[1] "The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort."

ber 30, 1972, (File No. 724-192C) and summons was issued and copies of same were given to process server for service but plaintiff was unable to locate the defendant and obtain service locally at the last known address of 735 Skinner, Kalamazoo, Michigan;

"3. That plaintiff's attorneys continued efforts to locate the defendant including an inquiry with the Credit Bureau of Kalamazoo, Inc. who reported by letter in January 1973, that the defendant was from the Muncie, Indiana area and had married his ex-wife, Gladys, there but that no information could be obtained by the Credit Bureau of Muncie, Indiana office as to his present whereabouts and that the Muncie office would put a watch card in its file;

"4. That on June 20, 1973, plaintiff obtained a Muncie, Indiana address on the defendant and on that date service was made on the Secretary of State and notice of service on the Secretary of State along with copies of the summons and complaint were sent to the defendant at the Muncie, Indiana address by registered mail;

"5. That the registered letter was returned marked "COULD NOT BE DELIVERED";

"6. That Attorney J. William Dark entered an appearance on behalf of the defendant on July 23, 1973, after having been notified by plaintiff's attorney of service on the Secretary of State;

"7. That on July 27, 1973, Attorney Dark moved to withdraw his appearance after learning that no receipt had been obtained on the registered letter to the defendant and on September 10, 1973, an order allowing withdrawal of appearance was entered;

"8. That on August 7, 1973, plaintiff obtained personal service on the defendant in Muncie, Indiana and an affidavit of service was filed on August 10, 1973;

"9. That on August 8, 1973 plaintiff filed a new complaint and summons was issued (File No. B733-00-242 NI);

"10. That this new complaint and summons was filed after the individual had been sent to Muncie to obtain service on the first complaint and summons when affiant became aware of GCR [1963], 102.5 providing for

dismissal without prejudice when service is not obtained within 180 days of filing a complaint;

"11. That on September 19, 1973, an order dismissing the first complaint without prejudice was entered;

"12. That in early October 1973, plaintiff sent the same individual who had obtained service on the defendant in August to Muncie a second time to obtain service on the new summons and complaint, but service could not be obtained;

"13. That on October 18, 1973, plaintiff filed a motion to set aside the dismissal of the first complaint;

"14. That on February 21, 1974 an opinion and order of the court were issued denying the motion;

"15. That in early February 1974, plaintiff learned of a second individual who had known the defendant in Muncie, Indiana and thought he could locate the defendant and that on February 6, 1974, this individual was sent to Muncie, Indiana to obtain service on the second complaint and summons;

"16. That this individual discovered that the defendant was hospitalized in Ball Memorial Hospital, Muncie, Indiana but was unable to obtain service in the hospital;

"17. That affiant obtained the defendant's address in Muncie by telephone from the hospital administrative office;

"18. That on February 18, 1974 plaintiff filed a third complaint and summons (File No. C 741 00 337 NI) since the 180 days subsequent to filing the second complaint and summons on August 8, 1973, had expired;

"19. That affiant sent the third complaint and summons to the Delaware County Sheriff's office for service of process on the defendant;

"20. That the sheriff's return of service dated March 13, 1974, showing that service was made on the defendant at 1613 N. Brady, Muncie, Indiana was filed with the court on March 19, 1974."

A supplemental affidavit of plaintiff's attorney was also filed and is set forth as follows:

"William E. Decker, being duly sworn deposes and says:

"1. That the personal service obtained on August 7, 1973 indicated in paragraph 8 of affiant's affidavit dated April 4, 1974, was made by one Robert Pritchard; that Robert Pritchard was the brother of Gladys Brinson, the defendant's ex-wife, and had indicated to plaintiff that he thought he could locate the defendant in Muncie, Indiana; that on August 1, 1973 plaintiff's attorneys paid Robert Pritchard $50 to go to Muncie and serve process on the defendant; that on August 9, 1973 said Pritchard returned to affiant's office and informed affiant that he had served process on defendant in an automobile in Muncie but had not learned an address; that said Pritchard was paid $25 after his return to cover additional expenses incurred in his trip to Muncie and that plaintiff's attorneys later paid $2.36 for two collect phone calls from Muncie by Pritchard on August 7 and August 8, 1974;

"2. That on September 21, 1973 plaintiff's attorneys paid Pritchard $75 to return to Muncie and attempt to obtain service of process on plaintiff's second complaint and summons and that Pritchard returned the papers to affiant in October, 1973, reporting that he had been unable to locate defendant on his second trip to Muncie (see paragraph 12 of affidavit);

"3. That on November 28, 1973, affiant spoke with defendant's ex-wife, Elizabeth Jefferson, 1201 E. Willard, Muncie, Indiana, by telephone but she did not know where defendant was and had not seen him in 13 years although she thought he was in Muncie;

"4. That on December 6, 1973, affiant wrote defendant's father Mathew Jefferson, 1110 5th Street, Muncie, but received no response;

"5. That on January 22, 1974, affiant wrote the ex-husband of defendant's ex-wife, James Brinson, 520 E. Frank Street, Kalamazoo, Michigan, but received no response;

"6. That in early February, 1974, plaintiff came to affiant's office with Michael Brinson, the son of defendant's ex-wife Gladys Brinson, and on February 5, 1974, plaintiff's attorneys paid said Brinson $50 to go to

Muncie to attempt to perfect service of process on defendant;

"7. That on February 13, 1974, said Brinson returned to affiant's office with the information that defendant was hospitalized at the Ball Memorial Hospital, Muncie, Indiana, and that Brinson could not serve defendant in the hospital; that Brinson gave affiant an address for defendant in Muncie of 922 S. Grant Street and affiant sent the necessary papers to the Delaware County Sheriff's office for service on the defendant on the third complaint since by then (2-19-74) the second complaint and summons had expired, but that the papers were returned with a notation that no one by defendant's name resided at that address; that affiant then called the Ball Memorial Hospital and obtained the 1613 N. Brady Street, Muncie, Indiana, address where service was ultimately obtained on March 13, 1974, when the papers were returned to the Delaware County Sheriff's office;

"8. That in addition to the sums hereinabove mentioned plaintiff's attorneys have advanced $90 for three filing fees, $1 for the Kalamazoo Police Dept. Offense Report, $4.95 for two Credit Bureau reports, $14.10 in service fees, $2.44 in phone calls, $1.26 for registered letter."

We also set forth the affidavit of Arthur Staton, Jr., one of the attorneys for plaintiff, filed April 24, 1974, and is as follows:

"Arthur Staton, Jr., being first duly sworn, deposes and says:

"1. That he is one of the attorneys for plaintiff in the above entitled action.

"2. That in late 1971 or early 1972 plaintiff's attorneys learned from plaintiff, who was acquainted with the defendant and some of defendant's relatives, that the defendant no longer was residing at 735 Skinner, Kalamazoo, Michigan, and began their efforts to locate the defendant.

"3. That on March 2, 1972, affiant's secretary, Mrs. Fran Smith, called the Credit Bureau of Kalamazoo,

Inc., and received a report that defendant resided at 604 West North Street (which was not as recent an address as 735 Skinner on the Kalamazoo Police Department Offense Report dated 4/6/70 on the incident out of which the cause of action arose) and that defendant was employed at Precision Heating of Kalamazoo.

"4. That on March 2, 1972, affiant's secretary also searched the Kalamazoo phone book and city directory for information on the defendant but reported she could find nothing.

"5. That affiant advised plaintiff to continue to make inquiries with the friends and relatives of the defendant, and plaintiff reported making such inquiries but was unable to learn the defendant's whereabouts.

"6. That on October 30, 1972, affiant filed a complaint and summons in this action and on the same day affiant's secretary submitted the summons and a copy of the summons and complaint to the Kalamazoo County Sheriff's Department for service of process on the defendant with the only information that affiant had as to defendant's whereabouts which was the last known address of 735 Skinner.

"7. That Deputy Sheriff H. D. Rook returned the papers to affiant's office with a signed slip indicating that three trips were made to 735 Skinner but there was no one at that address by defendant's name.

"8. That plaintiff's attorneys continued their efforts to locate and obtain service of process on the defendant as outlined in the affidavit and supplemental affidavit of William E. Decker.

"9. Further affiant saith not."

Supporting affidavits were also filed by plaintiff and Fran Smith, secretary to plaintiff's attorneys, verifying the information contained in the affidavits in reference to their knowledge and activities.

It appears to this Court from the affidavits of plaintiff's attorneys filed herein, that there probably existed no other manner of service "reasonably

calculated" to give the defendant actual notice.[2] It also appears to this Court that, although defendant was a resident of Michigan at the time of the accident, he departed from the state some time thereafter—the exact time not appearing in the record. We rule that under the facts in this case, it may very well be true· that defendant's absence from the state is similar to that present in the recent case of *Goniwicha v Harkai,* 393 Mich 255, 255–257; 224 NW2d 284, 285–286 (1974), wherein our Supreme Court stated as follows:

"Plaintiffs commenced this action on November 23, 1970 to recover for injuries suffered in an accident which occurred on July 27, 1969. The action was dismissed for lack of progress on February 14, 1972 but was reinstated on March 20, 1972.

"Personal service was not effected until June 23, 1973, almost 4 years after the accident, 2 years and 7 months after suit was commenced.

"From 1969 until June 6, 1972, defendant was a nonresident of Michigan. Plaintiffs did not place the summons in the hands of an officer but employed a professional process server who was unable to serve the defendant. After the defendant again became a resident of Michigan on June 6, 1972, plaintiffs, on September 5, 1972, attempted to take advantage of the procedures for serving out-of-state residents by serving a copy of the summons on the Secretary of State and directing a registered mail letter to the defendant out of state, which was forwarded to the defendant and received by him in Michigan.

"In *Buscaino v Rhodes,* 385 Mich 474, 484 [189 NW2d 202, 206] (1971), this Court held that, for purposes of

---

[2] This indicates that pursuit of a remedy under GCR 1963, 105.8 would have been an exercise in futility. At any rate, the mere fact that the cited rule provides for alternatives to conventional methods of service does not automatically mean that all plaintiffs will have means available, through the rule, "sufficient to vest the jurisdiction of a Michigan court" over all defendants who absent themselves from the state. If that were the case, the tolling provisions of the statutes would be meaningless.

the statute of limitations as well as other purposes, an
action is commenced upon filing of a complaint:

" 'We, therefore, hold that plaintiffs did comply with
the statute of limitations, in that the complaint was
filed pursuant to GCR 1963, 101 and the action com-
menced and, the provisions of the statute of limitations
thus being met, the fact of subsequent service of the
complaint can in no way affect the commencing of the
action.'

"Subsequently, this Court amended GCR 1963, 102 to
provide that a *summons* shall not be valid for longer
than 180 days from the date of the filing of the com-
plaint, to require dismissal without prejudice of actions
where the defendant has not been served within 180
days, and imposing upon the clerk of the court the duty
of entering such an order of dismissal. [Emphasis in
original.]

"The trial judge dismissed on the basis of GCR 1963,
102.4 and 102.5, reasoning:

" 'Granting that *Buscaino v Rhodes,* 385 Mich 474,
decided that the date a law suit is started is to be
determinative of statute of limitations questions, the
provisions of GCR 102.5 allow 180 days for service. 180
days after plaintiff started suit would be May 23, 1971.
Plaintiff's attorney service on the secretary of state was
on May 5, 1972.

" 'Furthermore, plaintiff's cause of action arose on
July 27, 1969, the date of the accident. On July 28,
1972, more than the three years allowed by the statute
of limitations had expired.'

"The unreported opinion of the Court of Appeals,
affirming the trial court, reads:

" 'Plaintiffs brought an action seeking to recover for
injuries sustained in an automobile accident. Defend-
ant's motion for an accelerated judgment was granted
on the ground that the defendant had not been properly
served with process and that the action was now barred
by the statute of limitations; MCLA 600.5805(7); MSA
27A.5805(7).

" 'An examination of the record and briefs discloses
no prejudicial error.

" 'Affirmed on the authority of *Krontz v Estovez,* 49 Mich App 30; 211 NW2d 213 (1973).'

"The statute of limitations was tolled from and after November 23, 1970, the date that this action was commenced.

"While amended Rule 102 obliges the clerk of the court to dismiss a complaint upon the expiration of 180 days from the date of the filing of the complaint and provides that he shall 'automatically enter an order of dismissal', the rule is not self-executing and until the clerk in fact dismisses the complaint, the complaint is not dismissed.

"In this case the clerk of the court did not dismiss plaintiffs' complaint pursuant to GCR 102.5. Personal service was effectuated before the trial judge entered his order dismissing this action on the ground that it was barred by the statute of limitations."

Defendant's absence from the state in *Goniwicha* was ruled to effectively toll the running of the statute of limitations.

Defendant's motion for accelerated judgment was brought under GCR 1963, 116.1(5): "the claim is barred because of * * * statute of limitations, * * * or other disability of the moving party, * * * ".

The procedure under this court rule is based upon GCR 1963, 116.3, wherein it is stated in part as follows:

"As to defenses and objections based upon sub-rule 116.1(5), the court may order immediate trial of any disputed questions of fact, and judgment may be rendered forthwith if the proof shows that the moving party is entitled to judgment on the facts as determined; or the court may postpone the hearing on the matter until the trial on the merits, and shall postpone the hearing if a jury trial has been demanded pursuant to right on or before the day of the hearing."

We rule that an evidentiary hearing to determine the facts in this case is necessary.

We also note that the ruling in *Krontz v Estovez*, 49 Mich App 30, 34–36; 211 NW2d 213, 216 (1973), is important to an interpretation of the effect of MCLA 257.403(a); MSA 9.2103(a) and MCLA 600.705(2); MSA 27A.705(2) on the tolling statute, MCLA 600.5853; MSA 27A.5853, wherein the Court stated in part as follows:

"Plaintiffs did not serve the defendant until 16 months after the statute of limitations expired. During this time a means was available to obtain jurisdiction over the defendant. * * * Service of the summons may be accomplished by either mailing or delivering a copy of the summons to the Michigan Secretary of State and by either personally serving or mailing notice thereof to the defendant accompanied by a copy of the summons. This statute is applicable to nonresident defendants living in a foreign country. *Holland v Ittner*, 16 Mich App 547; 168 NW2d 476 (1969).

"Moreover plaintiffs have not shown that they were materially hindered in effecting service of process on the defendant. During the 16 months in question plaintiffs knew that the defendant resided in Argentina and were informed of an address where he could be reached. Although the defendant changed his address while residing in Argentina, there is no indication that mail addressed to the defendant would not have been forwarded by the Argentine postal authorities or that plaintiffs were unable to locate the defendant through reasonable diligence."

We note that the present complaint filed in the instant suit by plaintiff alleged the accident happened in a service station driveway, or on private property. See Anno. *Place or type of motor vehicle accident as affecting applicability of statute providing for constructive or substituted service upon nonresident motorist,* 73 ALR2d 1351, § 5, pp

1357–1358. It is ruled in the following cases that valid service under the statute was limited to actions involving accidents occurring on the public highways and did not apply to accidents occurring on private property. *Langley v Bunn,* 225 Ark 651; 284 SW2d 319 (1955), *Finn v Schreiber,* 35 F Supp 638 (D NY, 1940), and *Walton v Stephens,* 119 F Supp 1 (D Va, 1954). It was contrariwise decided in the case of *Schefke v Superior Court of San Francisco,* 136 Cal App 2d 715; 289 P2d 542 (1955). We choose to follow the majority view, holding that the statute is not applicable to accidents occurring on private property.

In any event, the present case appears to be a proper one for remand to determine how long the statute of limitations was tolled by the absence of defendant from the state. Defendant was a resident of the state at the time of the accident and subject to the jurisdiction of our courts without resorting to any long-arm provisions in our law. It also becomes necessary to determine whether the plaintiff can show that he exerted reasonable diligence and was still unable to locate defendant and serve him. This will also include if plaintiff was materially hindered in effecting service of process on the defendant.

We also note that defendant is best able to show his whereabouts and residences at the times involved. In the case of *Bratton v Trojan Boat Co,* 19 Mich App 236, 244; 172 NW2d 457, 460–461 (1969), *aff'd* 385 Mich 585; 189 NW2d 206 (1971), we stated as follows:

"The pleading of the statute of limitations by the defendant was an affirmative defense and the burden of proving it was upon the defendant for it asserted the affirmative of the issue. Defendant was required to prove the facts essential to effectuate the bar. *White v*

*Campbell,* 25 Mich 463 (1872), *Sproat v Hall,* 189 Mich 28 [155 NW 361] (1915), *Tumey v Detroit,* 316 Mich 400 [25 NW2d 571] (1947)."

We observe that the trial judge and attorneys did not have the benefit of the recent Supreme Court ruling in the *Goniwicha v Harkai, supra,* case at the time of the hearing and the granting of the motion for accelerated judgment and dismissal of the first suit in September of 1973, based on the provisions of GCR 1963, 102.5. We believe that the facts present in September of 1973, under *Goniwicha,* would have enabled the plaintiff to successfully withstand the motion for accelerated judgment inasmuch as the clerk had not dismissed the suit under GCR 1963, 102.5, and personal service had previously been obtained on the defendant.

The only avenue left open for the plaintiff to obtain relief as to this phase of the matter would be an application for delayed appeal. We understand these comments are gratuitous and do not constitute any opinion on our part.

The case is remanded to the trial court for a full hearing on the issues required to be determined under this opinion. We do not retain jurisdiction. Costs to abide final decision.

N. J. KAUFMAN, J., concurred.

MCGREGOR, P. J. *(dissenting).* Plaintiff's cause of action arose on April 6, 1970, and the only suit presently before us on appeal was commenced on February 19, 1974—the intervening period being 3 years, 10 months and 12 days.

In *Buscaino v Rhodes,* 385 Mich 474, 481; 189 NW2d 202 (1971), our Supreme Court stated that:

"It is only when the action is not commenced within

the statutory period—as determined by consulting the date of claim, the date of filing the complaint and the calendar—it is only when a *prima facie* bar of the statute appears, that tolling comes into play."

As plaintiff's action herein was subject to a three-year statute of limitations,[1] it therefore becomes necessary to determine whether or not the statute of limitations was tolled and, if so, for how long.

Plaintiff claims that MCLA 600.5856; MSA 27A.5856[2] is applicable to the facts of the instant case. Its tolling provisions, as interpreted by the Supreme Court in *Buscaino, supra,* apply only to prior lawsuits between the parties which were not adjudicated on the merits. However, even if the plaintiff was allowed every conceivable extension possible under this section, the statute of limitations would only be tolled approximately 7-1/2 months.[3]

As the tolling provisions of MCLA 600.5856, *supra,* are inadequate to offset the full 10 months and 12 days, the plaintiff further argues that the

[1] MCLA 600.5805(7); MSA 27A.5805(7).

[2] "The statutes of limitations are tolled when (1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when (2) jurisdiction over the defendant is otherwise acquired, or when (3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."

[3] This is allowing 90 days under sub-section (3) for delivery of the summons and complaint to the Kalamazoo County Sheriff's Office for service on the defendant in the first suit; allowing an additional 90 days for delivery of summons and complaint to the Ingham County Sheriff's Office for service on the Secretary of State, also in the first suit; and allowing another 42 days for the period of time between personal service on the defendant in the first suit, on August 7, 1973, and the dismissal of that suit on September 19, 1973. *See Stewart v Michigan Bell Telephone Co,* 39 Mich App 360; 197 NW2d 465 (1972). The second suit instituted by the plaintiff could not toll the statute of limitations, as the defendant was never served in that action, nor was the process placed in the hands of an officer.

tolling provisions of MCLA 600.5853; MSA
27A.5853 more than make up for any deficiency.
Here, his basic contention is that the statute of
limitations should be tolled whenever a plaintiff
experiences difficulties in locating an out-of-state
defendant.

I find *Hammel v Bettison,* 362 Mich 396; 107
NW2d 887 (1961), *Bush v Watson,* 3 Mich App 94;
141 NW2d 707 (1966), and *Melville v Kelleher,* 22
Mich App 251, 254–255; 177 NW2d 238 (1970),
dispositive of this issue. In *Melville,* it was stated:

"In *Bush v Watson, [supra]* * * * this Court stated:
" *'There is no provision in any statute for tolling of the
statute of limitations in the event the plaintiff is unable
to locate a nonresident motorist defendant notwith-
standing the fact that he has made diligent effort to do
so.* The only method for tolling the statute is that
contained in the statutes themselves. *Vega v Briggs
Manufacturing Co,* 341 Mich 218 [67 NW2d 81] (1954).
The remedy, if any, under these circumstances, is for
legislative action.' (Emphasis added.)

"Thus, we must look to the statutes as to whether the
statute of limitations was in fact tolled. CLS 1961,
§ 600.5853 (Stat Ann 1962 Rev § 27A.5853) states:
" 'If any person is outside of this state at the time any
claim accrues against him the period of limitations
shall only begin to run when he enters this state unless
a means of service of process sufficient to vest the
jurisdiction of a Michigan court over him was available
to the plaintiff. If after any claim accrues the person
against whom the claim accrued is absent from this
state, any and all periods of absence in excess of 2
months at a time shall not be counted as any part of
the time limited for the commencement of the action
*unless while he was outside of this state a means for
service of process sufficient to vest the jurisdiction of a
Michigan court over him was available to the plaintiff.'*
(Emphasis in original.)

"MCLA 1969 Cum Supp § 257.403 (Stat Ann 1968 Rev
§ 9.2103) supplies to the plaintiff a means of service of

process sufficient to vest jurisdiction of a Michigan court. Consequently, there is no tolling of the statute because defendant Kelleher resided in the State of Ohio."

Plaintiff argues that since these cases were decided under the nonresident motorist statute, they are therefore distinguishable from the present case. I disagree.

The interpretation given to MCLA 600.5853 in the above quotation would be the same regardless of whether the action was brought under the nonresident motorist statute or MCLA 600.705(2); MSA 27A.705(2). In either case there is a means of service of process sufficient to vest jurisdiction and, consequently, there would be no tolling of the statute of limitations.

The majority relies on *Goniwicha v Harkai,* 393 Mich 255; 224 NW2d 284 (1974), and *Krontz v Estoves,* 49 Mich App 30; 211 NW2d 213 (1973), in arriving at their decision.

In regard to *Goniwicha,* the majority states that "Defendant's absence from the state in *Goniwicha* was ruled to effectively toll the running of the statute of limitations." I submit that *Goniwicha* did not so hold. All *Goniwicha* held was that GCR 1963, 102.5 "is not self-executing and until the clerk in fact dismisses the complaint, the complaint is not dismissed". The fact that the defendant in *Goniwicha* happened to be absent from the state had no bearing whatsoever on the issues decided in that case.

As to *Krontz,* it need only be pointed out that the Supreme Court in *Goniwicha* completely rejected the reasoning of our Court in that case in regard to the tolling of statutes of limitations.

Plaintiff finally argues that the end result of affirming the trial court would be that defendants

who cannot be located, even after diligent search, will be able to completely escape all liability for their wrongdoing. The relief for this complaint is GCR 1963, 105.8.[4] As stated in the author's comments to this rule in 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 112:

"Nevertheless, given the vagaries of human behaviour where service is intentionally avoided, and the increased mobility and complexity of society, individual cases may arise in which none of the specifically provided means of service will reach a defendant who is subject to the jurisdiction of Michigan courts. Under this Rule, the court, in its discretion, may provide for some different method of service adapted to the particular situation, so long as it is reasonably calculated to reach the defendant and give him an opportunity to be heard."

I would affirm the trial court.

---

[4] "The court in which an action has been commenced may, in its discretion, allow service of process to be made upon a defendant in any other manner which is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard, if an order permitting such service is entered before service of process is made upon showing to the court that service of process cannot reasonably be made in the manner provided for under other rules."